KAISER *v.* KAISER.

1. EQUITY—LACHES—LAPSE OF TIME.
   Mere lapse of time alone is insufficient to defeat a claim in equity.

2. DIVORCE—CONTEMPT—LACHES—ALIMONY.
   Delay of the wife for more than 10 years to institute contempt proceedings against her divorced husband for his refusal to pay her alimony would not constitute a defense in such proceedings.

3. LIMITATION OF ACTIONS—ALIMONY—DIVORCE—CONTEMPT.
   The right to recover alimony is not barred by the statute of limitations (3 Comp. Laws 1915, § 12323) limiting the right to recover upon a decree or judgment to 10 years, since the right to recover the installments for the 10 years immediately preceding would support contempt proceedings to enforce payment of same, although instituted more than 10 years after entry of decree.

Appeal from Wayne; Codd (George P.), J. Submitted January 5, 1921. (Docket No. 41.) Decided March 30, 1921.

Bill by Helen S. Kaiser against Titus J. Kaiser for a divorce. From an order adjudging defendant guilty of contempt for failure to comply with the decree respecting alimony, he appeals. Affirmed.

*Harry C. Milligan* and *Carey J. Cole,* for defendant.

*Edward Pokorny, amicus curiæ.*

CLARK, J. From an order adjudging defendant guilty of contempt of court, entered July 9, 1919, he has appealed. The order in part:

"And it further appearing to the court that the decree of divorce in the above-entitled cause was signed and filed on the 15th day of March, A. D. 1909, providing for the payment of two dollars ($2.00) per week as permanent alimony until the further order of this court. And it further appearing to the court that the said defendant has wholly failed and neglected to comply with the decree of this court and has failed to pay any alimony since the 15th day of March, A. D. 1909.

"It is therefore ordered and adjudged that said defendant, Titus J. Kaiser, be and he is hereby adjudged guilty of contempt of court."

Defendant here contends that plaintiff's claim is stale because of laches and the statute of limitations.

Laches. This contention is based entirely upon lapse of time which alone as a rule will not suffice to defeat a claim in equity. See *Ripley* v. *Seligman*, 88 Mich. 177; 21 C. J. p. 211; 2 Words and Phrases (2d Series), p. 1327.

In *Walker* v. *Schultz*, 175 Mich. at page 293, Chief Justice STEERE, speaking for the court, said:

"But mere lapse of time does not necessarily constitute laches. As a rule it involves other considerations. It means that negligence or omission to assert a right which, considering the lapse of time in connection with other facts and circumstances prejudicial to the interests of the adverse party, render it unjust and inequitable to recognize such right when finally asserted. * * * Where the situation of neither party has changed materially, and the delay of one has not put the other in a worse condition, the defense of laches cannot as a rule be recognized. *Parker* v. *Hotel Co.*, 96 Tenn. 252 (34 S. W. 209, 31 L. R. A. 706)."

That plaintiff in this regard was remiss in asserting her claim is not shown.

The Statute of Limitations. Contending that,

within the meaning of section 12323, 3 Comp. Laws 1915, the contempt proceeding was an action upon a decree or judgment which may be brought within 10 years from the date of entry, defendant claims. that the contempt proceeding, having been brought more than 10 years after the entry of the decree: awarding alimony, is barred by said statute, the general statute of limitations. To dispose of this. claim we need only to say that the right to recover· the installments for the period of 10 years, at least,. immediately preceding the contempt proceeding was not barred by the statute and to which installments· as they came due there attached the duty of the· defendant to obey the order and decree of the court. See *Dewey* v. *Dewey*, 151 Mich. 586; *Field* v. *Loveridge*, 114 Mich. 220; *McCullough* v. *McCullough*,. 203 Mich. 288. This is sufficient support for the· order appealed from which is affirmed, with costs to· the plaintiff.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE,. BIRD, and SHARPE, JJ., concurred.