SIMMONS, Respondent, v. SIMMONS, Appellant

(290 N. W. 319.)

(File No. 8271. Opinion filed February 20, 1940.)

Rehearing Denied April 6, 1940.

**Parliman & Parliman,** of Sioux Falls, for Appellant.
**Everett A. Bogue,** of Parker, for Respondent.

ROBERTS, J. The circuit court of Minnehaha County granted its decree of divorce on March 29, 1918, in favor of the plaintiff and judgment for alimony in the sum of $35 per month. On March 28, 1936, the court modified its judgment reducing the alimony to $20 per month. Contempt proceeding was commenced by plaintiff against the defendant founded upon the wilful and contumacious refusal of the defendant to pay alimony. The trial court adjudged the defendant guilty of contempt of court. This court reversed the judgment, holding that the trial court erred in refusing to permit defendant to give oral testimony and to examine the plaintiff and in failing to make findings of fact. Simmons v. Simmons, 66 S. D. 76, 278 N. W. 537.

The plaintiff thereafter instituted another contempt proceeding against the defendant. At the conclusion of the evidence in the second proceeding the trial court made findings of fact, in effect, as follows: (1) that the judgment for alimony in the action between the parties to this proceeding was modified by reducing the sum of $20 per month and

that defendant was required to pay that amount to the plaintiff on or before the 10th day of April, 1936, and on or before the 10th day of each and every month thereafter; (2) that no payments have been made by the defendant pursuant to such judgment; and (3) that the defendant has at all times been able to pay such alimony, but that the "defendant has arbitrarily, wilfully and contumaciously refused, and that he now refuses to make said payments in open defiance" to the judgment of the court. The trial court adjudged defendant in contempt of court; ordered that the contempt might be purged by payments of all sums due to the plaintiff under the modified judgment of the court; and ordered that in default of payment the defendant be committed to the county jail until the further order of the court. An order was entered overruling motion for new trial, and defendant appeals.

The assignments of error are (1) that the contempt proceeding having been brought more than twenty years after entry of the decree of divorce and judgment for alimony is barred by the statute of limitations; (2) that the enforcement by contempt proceeding of the provision for alimony based on the agreement of the parties to the divorce action is in violation of the constitutional inhibition against imprisonment for debt; and (3) that the evidence is insufficient to sustain the findings of the court.

■■■ Plaintiff contends that under Section 2295, Rev. Code 1919, the judgment for alimony became extinguished by the lapse of twenty years, and that the contempt proceeding, being in aid of the enforcement of the judgment, can have no force after the judgment to be enforced has been extinguished. The judgment provides for payments of alimony at successive monthly intervals, and the right to enforcement accrues upon each installment as it matures. When a judgment is rendered, payable in installments, the statute begins to run against the judgment from the time fixed for the payment of each installment for the part then payable. DeUprey v. DeUprey, 23 Cal. 352; Gaston v. Gaston, 114 Cal. 542, 46 P. 609, 55 Am. St. Rep. 86; Bennett v. Tomlinson, 206 Iowa 1075, 221 N. W. 837; Simonton v. Sim-

onton, 33 Idaho 255, 193 P. 386; Kaiser v. Kaiser, 213 Mich. 660, 181 N. W. 993; Arndt v. Burghardt, 165 Wis. 312, 162 N. W. 317; McGill v. McGill, 101 Kan. 324, 166 P. 501. In McMahon v. Brown, 66 S. D. 134, 279 N. W. 538, 539, it is said: "The only way the right of recovery on the judgment can be prolonged beyond the 20-year limitation is to bring an action on the judgment and secure a new judgment." The language in that case had reference to a judgment for a sum certain and as such could have been made the foundation of an action. The present question was not before this court. If the construction contended for by appellant were adopted, the anomalous situation would be presented of a right of action which may be barred before the cause of action has accrued. The right to enforce payment of the installments under the modified judgment was not barred by the statute.

■ The parties, while the action for divorce was pending, agreed by stipulation that in the event the plaintiff was granted a divorce the defendant would pay to the plaintiff $35 per month as permanent alimony. Distinctions have been recognized between alimony or an allowance awarded by the court and payments due by virtue of an agreement between the parties. In many jurisdictions such a settlement becomes binding to the same effect as an ordinary contract and the agreement, although approved by the court in a divorce action, is not thereafter subject to modification by the court except by consent of the parties. 17 Am. Jur. 495. Provision was made for the wife in the judgment in accordance with the agreement of the parties. The court, however, did not merely approve the agreement. The court expressly ordered payment of the monthly allowance. The provision was based upon the mandate of the court as distinguished from the contractual obligation approved by the court. In Shoop v. Shoop, 58 S. D. 593, 237 N. W. 904, the judgment approved the property settlement and ordered the defendant to pay the monthly allowance therein provided. The question involved was whether or not the provision for the alimony or monthly allowance was subject to modification by the court upon the application of the defendant. We

held that the general power of the court under Section 165, Rev. Code 1919, to modify an allowance for support was not affected by the fact that the original judgment was based on an agreement entered into by the parties. It follows therefore that the provision in the modified judgment is not a modification of a contract, and that the obligation to pay the monthly allowance, not being founded upon contract, is not a "debt" within the meaning of the constitutional inhibition against imprisonment for debt. Fritz v. Fritz, 45 S. D. 392, 187 N. W. 719.

The remaining question to be considered is whether the evidence was sufficient to justify the court in finding that the defendant had the ability to comply with the decree of the court. Defendant interposed an answer in the instant proceeding alleging that he is without money or property and because of economic conditions "defendant has been able to earn barely sufficient to support himself."

■ A party is not guilty of contempt of court in failing to pay amounts required by a divorce judgment if he is unable to do so and did not voluntarily create the disability for the purpose of avoiding such payment, and where a party seeks to satisfy the court that his failure to render obedience to the mandate of the court was due to his inability to comply, without fault on his part, the burden is on him to establish such disability. 17 Am. Jur. 510; Roach v. Oliver, 215 Iowa 800, 244 N. W. 899; Roper v. Roper, 242 Ky. 658, 47 S. W.2d 517, Fjeld v. Fjeld, 201 Minn. 512, 277 N. W. 203, 207.

■ We have given the record careful consideration and are of the opinion that the contention of defendant cannot be sustained. It is manifest that defendant has made no bona fide effort to comply with the mandate of the court, but has sought means of evading payment. It appears from his testimony that his earnings have contributed substantially to the acquisition of a dwelling and other property by his present wife. Defaults in payment of monthly installments prior to the modification of the judgment in 1936 are not here involved, but the persistent evasion of payment

manifests his attitude and wilful disregard for the mandate of the court.

Defendant is engaged in the practice of dentistry in Sioux Falls, and from his testimony it appears that he possesses no property other than his office furniture and appliances used in his profession and that this property is of no appreciable cash value. He insists that all of his earnings are necessary for his own support and that he is unable to pay to the plaintiff the monthly allowance which the court has ordered him to pay. He testified that because of physical disability he did not engage in the practice from the first of August, 1936, to the first of the same month of the following year, but admitted that during this time he received $120 a month on a health and accident policy. Thereafter he installed his dental aquipment in his dwelling and resumed his practice. An account book in which he kept a record of cash receipts was introduced in evidence. Beginning with the month of January, 1938, this record indicates that his monthly earnings varied from $82.50 to $226, amounting in the total for the five months preceding the hearing to $673.98. The evidence is sufficient to sustain the finding that defendant had the ability to pay the allowance awarded by the court in its modified decree.

The judgment and order appealed from are therefore affirmed.

SMITH, P.J., and POLLEY and RUDOLPH, JJ., concur.

WARREN, J. (dissenting). This Court in McMahon et al. v. Brown et al., 66 S. D. 134, 279 N. W. 538, dealt with our various code sections relating to the enforcement and life of judgments and determined that the only way the right of recovery on a judgment could be prolonged beyond twenty-year limit from time of docketing of the judgment was to bring an action on the judgment and secure a new judgment. In so doing we followed the general rule that the statute of limitations begins to run against an action on a judgment from the date of its rendition and entry which seems to be supported by a decided weight of authority. See note at page 625, Sweetster et al, v. Fox et al., 43 Utah 40, 134 P. 599, 47 L. R. A., N. S., 145, Ann. Cas. 1916C, 620.

To my mind it seems that this Court correctly interpreted our statute relating to the limitations on bringing an action on a judgment and that an interpretation of our statute does not permit any exceptions where money judgments are involved and that an alimony judgment payable in installments is a judgment for a sum of money seems to be the rule. Farquhar v. Farquhar, 172 App. Div. 242, 158 N. Y. S. 194; Arrington v. Arrington, 127 N. C. 190, 37 S. E. 212, 52 L. R. A. 201, 80 Am. St. Rep. 791.

I am aware of the fact that in McMahon et al. v. Brown et al., supra, this Court was not considering a judgment in alimony but we were interpreting the various code sections relating to suits upon money judgments and reached the conclusion that the minute a judgment is filed, entered and docketed the time upon which suit may be brought begins to run. There is really no reason for making an exception even in case of alimony judgments, if within the time the judgment owner wishes to extend the life of the judgment, suitable statutory proceedings are available. There are jurisdictions which hold that judgments for alimony installments are subject to the same incidents as any other judgment as regards being barred by limitation statutes. Eubank v. Eubank, Mo. App., 29 S. W.2d 212.

The statute of limitations being urged as a defense to the contempt proceedings and more than 20 years having expired since the docketing of the judgment it would appear that there is no foundation for the contempt proceedings.