## BAILEY, Respondent v. BAILEY, Appellant

(95 N.W.2d 533)

(File No. 9713. Opinion filed March 25, 1959)

Rehearing denied April 21, 1959.

**Paul E. Mundt,** Sioux Falls, for Defendant and Appellant.

**John E. Burke, Acie W. Matthews;** Sioux Falls, for Plaintiff and Respondent.

BOGUE, J. The defendant appeals from a judgment holding him in contempt of court for failure to comply with the court's order as to payment of alimony and support. His defense is based upon his alleged inability to comply with the order.

In November of 1955 the plaintiff was granted a divorce from the defendant and awarded the custody of their eleven-year old daughter. The defendant in accordance with said decree was required to pay $250 per month as alimony and support for the plaintiff and the daughter. At this time defendant was earning in commissions as a salesman a net, before taxes and other necessary deductions, approximately $500 a month. From this he paid his own traveling expenses of about $145 per month.

In July of 1956 defendant defaulted in his monthly payment and was ordered to show cause why he should not be found in contempt for this default. He claimed inability to meet the payment and asked for a modification of the court's decree. The court found that he was not in contempt and reduced the monthly payment to $200. A few months later the defendant again asked the court for a modification of the decree. This application was based on an alleged reduction in defendant's income. His employer had put him on a straight salary of $250 per month plus actual road expenses including the use of a car. The court again modified the decree reducing the payments to $35 per week and ordered the defendant to pay his arrears at the rate of $5.00 per week. This order was entered on the 29th day of April 1957 and is the basis for these proceedings.

The defendant never made any payments in the amounts required in the order of the court but did pay $50 per month.

In October 1957 the defendant was again ordered to show cause as to why he should not be held in contempt by reason of his failure to comply with the provisions of the order of April 29, 1957. Thereafter, he again asked for a modification in the amount of the alimony and support money. The trial court made no order respecting this application, thus the matter is not before us here. Hearing on the order to show cause was held in December 1957. Both parties testified. The court found defendant in contempt and entered judgment committing him to the county jail until he complied with the order or until further order of the court.

The trial court found defendant had neglected and refused to comply with the provisions of this order although he had been able to comply therewith at all times after May 6, 1957; that such refusal to comply had been because of defendant's contempt for such order. Defendant claims such finding is not supported by the evidence as the record clearly shows his inability to comply with the court's order.

In support of his claim of inability to comply with with the court's order the defendant testified as to his

income and expenses. Defendant claims his weekly take-home pay is $54.81 and from this he must pay certain fixed business costs amounting to approximately $12.00 per week. He also assists financially in the maintenance of the home where he and his present wife live. He apparently remarried soon after his divorce from the plaintiff. He has no children by his present wife. Both of them work and contribute to their household expenses. Defendant claims that he contributes approximately $30 a week to these expenses. The defendant admits that there has been no change in his status since the court's order of April 29, 1957, either financial or otherwise, affecting his ability to comply with this order.

The plaintiff and the daughter are living with relatives in Minnesota. The plaintiff testified that she was not able to work because of her physical condition. She testified that her only source of income was what she received from the defendant. There is no evidence in the record showing any change in the status of the plaintiff or of the daughter since the April 1957 order.

■ Inability to comply with the order of the court is a good defense provided the defendant did not voluntarily create the disability. The burden of establishing this inability rests on the defendant. Simmons v. Simmons, 67 S.D. 145, 290 N.W. 319, 321. Thus the question presented here is whether or not the defendant has by his showing sustained this burden.

■ Ability to comply with an order does not necessarily mean the ability to fully and completely comply, Oftentimes ability is a relative matter. A person may not be able to comply with an order in full yet may have the ability to comply in part. Nelson on Divorce, § 16.25. We are of the opinion that unless a defendant shows he has complied with the court's order to the fullest extent of his ability his defense of inability fails. In other words, if this defendant was actually able to pay more than the $50 per month he has been paying, then he has failed to show his inability to comply with the order.

The general rule that the weight of the evidence and

the credibility of the witnesses is largely a matter of the trial court's determination applies especially here. These parties have appeared before the court on three previous occasions testifying as to their condition and circumstances. The court had become well acquainted with their circumstances and abilities. He also had become acquainted with their credibility. With this background the trial court was in an unusually good position to weigh the evidence and determine the credibility of the witnesses. Under these circumstances this court should be most reluctant to disturb the findings of the trial court.

 Under our definition of ability the burden is upon the defendant to clearly show he was unable to pay more than he has. Such showing is necessary as we said in Simmons v. Simmons, supra, "* * * to satisfy the court that his failure to render obedience to the mandate of the court was due to his inability to comply, without fault on his part * * *". If defendant fails to make such showing, a finding by the court that he was able to comply with the court's order is warranted. We are of the opinion the trial court's finding of ability is sustained by this record.

Affirmed.

HANSON, P. J., and ROBERTS, J., concur.

RENTTO, J. (dissenting). I regret that I cannot concur in the above opinion.

The trial court decided this matter on the basis that the defendant was able to comply fully with the order of the court. As to this it found "That the Defendant has been able to comply with all of the provisions of said Order during all times after May 6, 1957". This is not supported by the evidence. If it was intended that the ability to comply referred to in this finding is a relative ability, then it seems to me that there should be a specific finding as to what amount the court thought the defendant could have actually paid. There is no finding to that effect in this case.

While imprisonment for contempt of court in these cases is a proper and necessary remedy, nevertheless, it is drastic and should not be indulged unless the noncompliance is substantial in nature. Without the suggested

specific finding a reviewing court would not be advised of the extent of this deviation as determined by the trial court. Nor are we in a position to determine it from a record.

Nelson on Divorce, § 16.25 is cited as supporting the view that defense of inability to comply is a relative matter. The cases relied on by that authority, as I read them, do not support that position in the circumstances of this case. I would reverse.

SMITH, J. concurs with RENTTO, J.