JAMESON, Respondent and Cross-Appellant v.
JAMESON, Appellant and Cross-Respondent

(239 N.W.2d 5)

(File Nos. 11632-11634. Opinion filed February 20, 1976)

Petition for rehearing denied March 22, 1976

**M. T. Woods** of **Woods, Fuller, Shultz & Smith**, Sioux Falls, for plaintiff, respondent and cross-appellant.

**Gerald L. Reade** of **Brady, Kabeiseman, Light & Reade**, Yankton, for defendant, appellant and cross-respondent.

DUNN, Chief Justice.

Defendant has appealed from an order of the circuit court, dated January 20, 1975, denying his petition to modify the provisions of a divorce decree and from a subsequent order denying a motion to vacate the January 20th order. Plaintiff has cross appealed from the same orders which denied her an award of attorney fees. We affirm.

Plaintiff Carol Jameson was awarded a divorce from defendant G. Malcolm Jameson in an uncontested proceeding on December 15, 1971. The parties entered into and signed a stipulation and agreement covering child support for the three minor children of the marriage and alimony for the plaintiff. The stipulation and agreement was incorporated into the judgment and decree of divorce by the circuit court.

On November 7, 1974, defendant filed a petition to amend the divorce decree. He sought to have the alimony and child support portion of the decree modified because it was too great an economic hardship for him. Defendant subsequently filed two amended petitions to modify the decree.

Trial was to the court on November 26, 1974. After hearing the evidence, the court issued an order on January 20, 1975, denying defendant's amended petition to modify the decree. On February 14, 1975, the court filed an order denying defendant's motion to vacate its January 20, 1975 order. The February 14th order also affirmatively denied plaintiff's application for attorney fees.

Defendant has made many assignments of error on this ap-

peal. We feel that only two merit a full discussion in this opinion.

■ The primary issue before this court is whether the circuit court erred in denying defendant's amended petition for relief from the support and alimony provisions of the divorce decree. In South Dakota there can be no modification of a divorce decree unless there can be shown some change of circumstances affecting one or both parties to the original action. SDCL 25-4-41 provides as follows:

> "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties represented; and the court may from time to time modify its orders in these respects."

This change of circumstances rule has been used consistently by this court in cases such as the one at bar. See Matthews v. Matthews, 1946, 71 S.D. 115, 22 N.W.2d 27; Guinter v. Guinter, 1949, 72 S.D. 554, 37 N.W.2d 452; Kerr v. Kerr, 1952, 74 S.D. 454, 54 N.W.2d 357; Dougherty v. Dougherty, 1956, 76 S.D. 318, 77 N.W.2d 845.

The record reveals that prior to the divorce the defendant was a medical doctor in general practice at the Donahoe Clinic in Sioux Falls. At some unspecified time in the past, defendant had become romantically involved with Kay Christensen whom he married shortly after the divorce decree was entered. Although it was plaintiff who filed for the divorce, defendant was the one who desperately wanted out of the marriage.

Defendant resigned from the Donahoe Clinic before the divorce and moved to Yankton where he is presently residing with his wife, Kay. Plaintiff is a homemaker and continues to reside with the three children at the family home in Sioux Falls.

Under the terms of the stipulation and agreement, plaintiff

was given custody of the three children. She was to have the home in Sioux Falls and was to receive $1,430 out of the first $2,300 which defendant earned each month. In addition, she was to receive 50% of any of the defendant's earnings which exceeded $2,300 per month. Defendant agreed to pay her income tax, the family's medical expenses, and assume college expenses for each of the three children.

Defendant earns approximately $40,000 per year. His present wife, Kay, is a surgical nurse and earns approximately $8,000 per year. Defendant's contention is that the divorce decree should have been modified by the circuit court because he cannot adequately live on the money which he is allowed to retain after paying the alimony and child support, plus plaintiff's income tax.

At trial there was no effort made by defendant to show a change of circumstances regarding plaintiff except to insinuate that she should go to work and partially support the family. There is no indication that her role as a homemaker has changed. The children are still at home. She has the usual increasing expenses of a growing family, as well as a general battle with inflation.

The defendant has changed location, but his income is almost identical to that at the time of the decree. His wife, Kay, is employed full time and is making a modest income.

The real claim is that the defendant signed an unconscionable agreement in the first instance, and the trial court should have relieved him of his bad bargain. This agreement is a harsh one, especially where he agrees to pay plaintiff 50% of any monthly income over $2,300, tax free. After paying taxes at this income level, he would have little if anything left for himself no matter how much additional gross income is received. However, the record indicates that defendant had the advice of an attorney, as well as tax experts, at the time the agreement was signed. He surely should have been aware of the hole he was digging for himself in his effort to rid himself of his marital bonds. His only excuse was that plaintiff would not consent to a divorce until he signed such an agreement, and he indicates that it was a case of

blackmail. Plaintiff, however, can scarely be faulted in her insistence on a standard of living for herself and family that is commensurate with that she could have expected as the wife of a medical doctor. She had not precipitated the marital crisis in any way, and she sought only to salvage what she could from a very unhappy experience. She drove a hard bargain, but the defendant accepted it and it was incorporated into the divorce decree.

Defendant alleges in his brief that the change of circumstances is that he now realizes that he cannot carry out the terms of the stipulation and agreement. We do not consider this to be any change of circumstances, much less a change which would justify a modification of the decree at this time. Defendant is getting exactly what he bargained for. Therefore, we hold that the circuit court correctly decided that there had been no change of circumstances.

■ Defendant also contends that the trial court erred in failing to find that he has no duty to support or educate his children beyond their age of majority or if they marry or become self-supporting. We note from the record that none of the children was beyond the age of majority, nor married, nor self-supporting at the time of trial; therefore, it would have been premature for the court to rule on defendant's future duty of support at that time. Since the circuit court is vested with continuing jurisdiction to modify its divorce decree, defendant is not precluded from going into court at some future time and seeking a modification based on a change of status of any or all of his children, but the question is premature at this time and the court was correct in refusing to rule on the issue.

■ We now turn to plaintiff's cross appeal. Basically, plaintiff maintains that the court erred in not requiring defendant to pay her attorney fees for representation at the trial on the amended petition. Plaintiff points to Paragraph 17 of the stipulation and agreement which states: "Defendant shall pay the reasonable fees and expenses of plaintiff's attorneys, not only for the present proceedings but for any necessarily instituted in the future." We cannot say that this somewhat ambiguous language covers a situation like this one where the defendant instituted

the action in an effort to obtain a modification of the decree. An allowance of attorney fees in a divorce action rests with the sound discretion of the trial court and will not be disturbed on appeal unless there appears to have been an error in the exercise of that discretion. Baron v. Baron, 1947, 71 S.D. 641, 28 N.W.2d 836; Kressly v. Kressly, 1958, 77 S.D. 143, 87 N.W.2d 601. We find no error in the denial of plaintiff's attorney fees in this case.

The court had the duty to consider the equities of the case. Defendant's attorney has not been paid fees for this action according to his affidavit. Under the contract incorporated in the decree which has been left in effect by this decision, the wife has more net income to pay attorney fees than does the defendant. The trial court was not in error in refusing to give the defendant the additional burden of paying plaintiff's attorney fees. We do not mean to intimate by this decision that defendant can harass plaintiff with constant proceedings in this matter where no real change of circumstances has occurred and expect to avoid paying plaintiff's attorney fees. We deal only with the case before us, and we hold that the trial court did not abuse its discretion in not awarding plaintiff her attorney fees.

The orders of the circuit court are affirmed in all respects.

All the Justices concur.