Ardeth E. PESHEK, Plaintiff
and Appellant,

v.

David J. PESHEK, Defendant
and Appellee.

Ardeth E. PESHEK, Plaintiff
and Appellee,

v.

David J. PESHEK, Defendant
and Appellant.

Nos. 12712, 12713.

Supreme Court of South Dakota.

Considered on Briefs March 17, 1980.

Decided Aug. 6, 1980.

William D. Kenyon, Sioux Falls, for
plaintiff.

N. Dean Nasser, Jr., Sioux Falls, for de-
fendant.

PER CURIAM.

Plaintiff appeals from a circuit court order granting her petition to modify the child support provisions of a divorce decree. Defendant has cross-appealed from the same order, claiming that because there was not a change of circumstances the court erred in granting the modification. We affirm in part, reverse and remand in part, and dismiss the cross appeal.

Plaintiff's judgment and decree of divorce awarded her custody of the minor child of the parties and $132 per month child support. Defendant diligently made all child support payments to plaintiff.

After a show cause hearing, the court found that defendant's net income had increased $167 per month since the original divorce proceeding and that plaintiff's expenses in caring for the child had also increased. The court found that a change in circumstances had occurred and ordered a seventeen-dollar-per-month increase in child support payments.

■ SDCL 25–4–45 gives the court the authority to vacate or modify child support awards. Modification of the award, however, must be based upon a showing of a change of circumstances arising after the previous determination. *Jameson v. Jameson*, 90 S.D. 179, 239 N.W.2d 5 (1976); *Matthews v. Matthews*, 71 S.D. 115, 22 N.W.2d 27 (1946). In the case at bar, the trial court was justified in finding that a change of circumstances had occurred because defendant's net income had increased and plaintiff's child care expenses had increased.

Plaintiff contends that the trial court abused its discretion in not granting a more substantial increase in child support payments. We do not agree. In *Karim v. Karim*, 290 N.W.2d 479, 482 (S.D.1980), an increase of $50 per year in child support payments was held to be justified by evidence of increased need on the part of the wife and of the inflation factor since the original decree. The duty to provide support for his children corresponds to the father's financial means and ability. *Matthews v. Matthews*, supra.

■ Plaintiff has established that her expenses relating to raising the child and the effects of inflation have increased since the time of the divorce. Defendant's net income has increased since the divorce decree. More is relevant to the issue of quantum of child support than the single criterion of a defendant's earnings. *Karim v. Karim*, supra, at 481. The trial court in the present case also took into consideration the effect of inflation upon defendant's earnings and the effect of his remarriage. Considering these factors, we conclude that the trial court did not abuse its discretion in granting the rather modest increase in child support payments.

Plaintiff further contends that the trial court abused its discretion by failing to award attorney fees for the trial court proceedings. The allowance of attorney fees rests in the discretion of the trial court and will be interfered with by this Court only if there appears to be error in the exercise of that discretion. *Wallahan v. Wallahan*, 284 N.W.2d 21, 28 (S.D.1979); *Ver Meer v. Ver Meer*, 241 N.W.2d 571, 573 (S.D.1976); *Baron v. Baron*, 71 S.D. 641, 647, 28 N.W.2d 836, 838 (1947).

■ In determining whether to award attorney fees, the trial court must consider factors other than the defendant's not having brought the action upon himself for failure to pay child support payments. The Court in *Ver Meer*, supra, awarded attorney fees to the wife after considering the needs of the wife and the support of herself and the minor children. The Wisconsin Supreme Court has utilized a similar rationale, stating: "Where trial attorneys' fees are involved, the trial court should consider the need of the wife for the allowance and the ability of the husband to pay." *Bloomer v. Bloomer*, 84 Wis.2d 124, 267 N.W.2d 235, 241 (1978).

Considering these criteria, we conclude that the trial court abused its discretion when it denied plaintiff attorney fees. The court failed to consider the needs of the plaintiff and the minor child in its determi-

nation. The evidence showed that plaintiff's income plus the child support were not adequate to support herself and the child. The evidence further showed that defendant was in a better position to pay. Attorney fees for the proceedings in the trial court should therefore have been awarded to plaintiff.

 Plaintiff further requests that she be allowed her attorney fees which arise from this appeal. The awarding of attorney fees for appeal is not contingent upon successful appeal, unless there is a showing of bad faith or that the action was frivolous or unjustified. *Foss v. Foss*, 83 S.D. 574, 163 N.W.2d 354 (1968); *Baron v. Baron*, supra. That is not the case here, and we hold that plaintiff is entitled to attorney fees for this appeal.

To the extent that the order modifies the amount of child support payments, it is affirmed. To the extent that the order does not grant attorney fees, it is reversed, and the case is remanded to the circuit court with directions to enter an award of attorney fees to plaintiff both for the proceedings in the trial court and on appeal. The cross appeal is dismissed.