Carolyn S. JAMESON, Plaintiff and Appellant,

v.

G. Malcolm JAMESON, Defendant and Appellee.

Nos. 13200, 13214.

Supreme Court of South Dakota.

Argued March 25, 1981.

Decided June 3, 1981.

Gary P. Thimsen of Woods, Fuller, Shultz & Smith, Sioux Falls, for plaintiff and appellant.

Gerald L. Reade of Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, for defendant and appellee.

FOSHEIM, Justice.

Both parties appeal from different parts of an order of the trial court modifying a divorce judgment and refusing to find the defendant in contempt of court. We affirm.

The parties were divorced on December 15, 1971, in Minnehaha County, South Dakota. On December 15, 1975, this Court reviewed an order denying a petition to modify the provisions of the divorce decree. That decision appears as *Jameson v. Jameson*, 90 S.D. 179, 239 N.W.2d 5 (1976), to which we now refer for background.

Plaintiff secured an order to show cause on May 25, 1978, seeking to have defendant held in contempt for failure to make payments due pursuant to the divorce decree. Defendant responded and filed a petition to modify the divorce judgment.

This Court has delineated four elements necessary to sustain a finding of contempt: (1) existence of an order; (2) knowledge of the order by defendant; (3) ability to comply with the order; and (4) willful or contumacious disobedience. *Hanisch v. Hanisch*, 273 N.W.2d 188 (S.D.1979); *Krueger v. Krueger*, 32 S.D. 470, 143 N.W. 368 (1913).

Inability to comply with the order of the court is a good defense in a contempt proceeding, providing the defendant did not voluntarily create the disability. The burden of establishing that inability rests upon the defendant. *Simmons v. Simmons*, 67 S.D. 145, 290 N.W. 319 (1940). Thus, the question presented is whether his showing sustained that burden. *Bailey v. Bailey*, 77 S.D. 546, 95 N.W.2d 533 (1959).

The trial court determined it could not find that defendant willfully and contumaciously disobeyed the divorce decree. It appears that determination was grounded on his inability to comply fully with the divorce judgment. In *Jameson v. Jameson*, supra, 239 N.W.2d at 7, we refused to disturb the support provisions of the divorce judgment based upon the separation and property agreement. We nevertheless noted that "[t]his agreement is a harsh one,

especially where he [defendant] agrees to pay plaintiff 50% of any monthly income over $2,300, tax free. After paying taxes at this income level, he would have little if anything left for himself no matter how much additional gross income is received." The general rule that the weight of the evidence and the credibility of the witnesses is largely a matter of the trial court's determination is especially applicable in contempt proceedings. *Bailey v. Bailey,* supra. From a review of the record we cannot say the trial court erroneously concluded that defendant was not in contempt.

Plaintiff also contends that the trial court erred in denying her request for support adjustments and in allowing defendant credit for overpayments. The trial court determined that defendant was entitled to a credit of $7,441 for overpayment of support as against his obligation to pay plaintiff's federal income taxes for the years 1974 through 1977, and directed that the parties assume responsibility for their own attorney fees, sales taxes, and costs.

On cross-appeal, defendant challenges the trial court's order that he pay plaintiff an amount equal to her federal income taxes of $13,651.85 for the years 1974 through 1977, all of which had been paid out of life insurance proceeds earmarked for educating the parties' children, and in denying his claim to be relieved of plaintiff's federal income tax liabilities as provided in the separation and property agreement and divorce judgment. Defendant also contends that the trial court inadequately adjusted maintenance and support payments in his favor.

When a divorce is granted, SDCL 25–4–41[1] authorizes the trial court to modify its order compelling one party to make suitable allowance to the other for support.

An alimony award is determined independently of child support considerations, *Price v. Price,* 278 N.W.2d 455 (S.D.1979), and despite the fact that a property division was made. *Lien v. Lien,* 278 N.W.2d 436 (S.D. 1979). The authority to modify the alimony award is similarly unaffected by the fact that the original divorce judgment was based upon an agreement between the parties. *Connolly v. Connolly,* 270 N.W.2d 44 (S.D.1978); *Simmons v. Simmons,* supra. Such modification can be made whenever the trial court in its discretion determines that conditions have changed. *Peshek v. Peshek,* 297 N.W.2d 323 (S.D.1980); *Jameson v. Jameson,* supra; *Holt v. Holt,* 84 S.D. 671, 176 N.W.2d 51 (1970).

SDCL 25–4–45[2] similarly grants the trial court continuing jurisdiction in a divorce action to modify the judgment concerning the support and maintenance of the children. *Kerr v. Kerr,* 74 S.D. 454, 54 N.W.2d 357 (1952); *Matthews v. Matthews,* 71 S.D. 115, 22 N.W.2d 27 (1946). This can be done with retroactivity. *State ex rel. Larsgaard v. Larsgaard,* 298 N.W.2d 381 (S.D.1980). As with alimony, child support payments can be adjusted, even though they were originally based upon a stipulation, *Johnson v. Lowary,* 81 S.D. 202, 132 N.W.2d 823 (1965); *Matthews v. Matthews,* supra, when the trial court in its discretion determines that conditions have changed, *Blare v. Blare,* 302 N.W.2d 787 (S.D.1981). The "substantial change of circumstances" standard necessary for modification of child custody provisions is not applicable. *Blare v. Blare,* supra; *Tank v. Tank,* 272 N.W.2d 831 (S.D.1978).

The children have all reached the age of majority. The circumstances that have evolved since the divorce reveal balancing factors. We cannot say that the

---

1. SDCL 25–4–41 reads:

Where a divorce is granted, the court may compel one party to make such suitable allowance to the other party for support during the life of that other party or for a shorter period, as the court may deem just, having regard to the circumstances of the parties represented; and the court may from time to time modify its orders in these respects.

2. SDCL 25–4–45 reads:

In an action for divorce the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same.

trial court abused its discretion in the adjustments entered or in refusing further modifications.

▆ Defendant questions the authority of the trial court to burden him with the education expenses for the children after they reach legal age. We have never before addressed this precise issue. Minor children are wards of the court in a divorce action and it is their welfare that the court is primarily concerned with. The power and duty of the court to look after their welfare when the matter is properly brought to its attention is well-settled. *Blare v. Blare,* supra; *Houghton v. Houghton,* 37 S.D. 184, 157 N.W. 316 (1916). By statute, that welfare includes their education. SDCL 25–4–45.

▆ SDCL 25–7–6[3] imposes a duty on parents to support their adult children with necessaries if they are unable to maintain themselves by work. *Sanborn County v. Lutter,* 46 S.D. 363, 193 N.W. 55 (1923). That duty continues so long as other means of support fail, SDCL 25–5–20,[4] *Haakon County v. Staley,* 60 S.D. 87, 243 N.W. 671 (1932), and includes an adult subnormal child, *Mower v. Mower,* 47 S.D. 353, 199 N.W. 42 (1924). Such liability of the father and mother is joint and several and continues notwithstanding that there is a divorce. *McBride v. Lomheim,* 82 S.D. 263, 144 N.W.2d 564 (1966); *Tesch v. Tesch,* 65 S.D. 637, 277 N.W. 328 (1938). In this state, it may be enforced in a divorce decree. *Mower v. Mower,* supra. However, a parent has no duty to support a child who has attained his majority and is physically and mentally capable of earning his own living. *Schmidt v. Clark County,* 65 S.D. 101, 271 N.W. 667 (1937).

Plaintiff counters, however, that the separation and property agreement provides that defendant shall be liable for the full education and training of the children, including college or other special or professional training,[5] with no age limitation.

It is the law in most jurisdictions that parents may agree that the father shall support a child after minority, as where the father is to support a child until he or she graduates from college. The court may adopt such an agreement and require the father to comply with the decree. 24 Am. Jur.2d Divorce and Separation § 832 (1966); *White v. White,* 25 N.C.App. 150, 212 S.E.2d 511 (1975), aff'd., 289 N.C. 592, 223 S.E.2d 377 (1976).

In *Dunham v. Dunham,* 189 Iowa 802, 807, 178 N.W. 551, 553 (1920), a contract between husband and wife contemplating a divorce provided that the husband was to pay all the expenses of each of the children while away from the home of their mother "attending school or college." The Supreme Court of Iowa held that a divorce decree based on that agreement was enforceable as to the payment of the children's expenses while at college, even after they reached majority. The Supreme Court of Minnesota concluded in *In re LaBelle's Trust,* 302 Minn. 98, 115, 223 N.W.2d 400, 410 (1974), that "[w]hen not specifically agreed to the contrary, it is clear that the obligation for educational expenses should and does terminate upon the child's reaching majority." The court held, however, that the parties to the divorce could stipulate that the husband would undertake to bear the cost of education of the children

---

**3.** SDCL 25–7–6:

It is the duty of the father, the mother, and the children, of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding.

**4.** SDCL 25–5–20:

If other means of support for an emancipated child fail, the parent shall be under the legal duty to support the child.

**5.** The agreement states, in pertinent part:

Defendant agrees to provide for the expenses of education (includes music and other arts) of his said three children through high school, college and special or professional training to the extent that they are capable of such education and training and willing and able to take it, it being intended hereby that he expressly obligates himself to provide for the full education and training of his children.

beyond the period of minority although the court acting alone was not authorized to impose such an obligation.

In *West v. West*, 131 Vt. 621, 312 A.2d 920 (1973), the Supreme Court of Vermont determined that although in a divorce case the trial court has no authority to create an obligation of child support, including a college education, beyond the period of minority, the decree is valid and enforceable when it incorporates an agreement of the parties providing for such support and education. *See: Randolph v. Howard*, 16 Ariz.App. 118, 491 P.2d 841 (1971); *Commonwealth v. Howell*, 198 Pa.Super. 396, 181 A.2d 903 (1962); Annot., 99 A.L.R.3d 322, § 35[c] (1980).

In *Nicholls v. Nicholls*, 33 Conn.Supp. 210, 371 A.2d 400 (1977), the court, in ordering a parent to furnish funds for the education of a child past minority noted that "[w]here the decree goes no further than to order the parent to do what he has agreed to do, the court's power to enter the decree may be based on the traditional jurisdiction of equity to enter a decree that a party specifically perform a promise." The court further stated that the wife, who was a party to the contract that was made the subject of the decree, was a proper party to enforce the order.

We likewise conclude that an agreement by the parents providing for the college education of their children may be incorporated and enforced as a valid part of the divorce decree even though the children have reached the age of majority. In this case that applies to defendant. Since plaintiff did not agree to contribute toward the education of the children, the court did not err in refusing to direct that she share in that responsibility as defendant urges.

Defendant contends that if he has a legal liability to educate his adult children, then the trial court erred in denying his request for specific guidelines as to such obligation. We believe the trial court fairly addressed such responsibilities in its memorandum opinion, although it refused to do so in the order. If the trial court's directive does not prove adequate, and the parties cannot agree, there can be further clarification of the decree in this respect, *Dunham v. Dunham*, supra, similar to the manner in which the courts spell out visitation rights when the parties are unable to agree between themselves as to what constitutes reasonable visitation.

Plaintiff claims that she was entitled to her attorney fees. The award of attorney fees rests within the discretion of the trial court. *Wallahan v. Wallahan*, 284 N.W.2d 21 (S.D.1979). We cannot say that the trial court abused its discretion in this regard.

We have reviewed the other issues raised on appeal and conclude that they are either without merit or have, in effect, been resolved by the conclusions we have reached here.

The order is affirmed.

All the Justices concur.