Ralph NAUMAN, Plaintiff and Appellant,

v.

Cheryl A. NAUMAN, Defendant and Appellee.

No. 13365.

Supreme Court of South Dakota.

Considered on Briefs Jan. 18, 1982.

Decided June 9, 1982.

Alan F. Glover of Denholm & Glover, Brookings, for plaintiff and appellant.

Lee D. Anderson of Hanson, Kaye, Stiles & Anderson, Mitchell, for defendant and appellee.

PER CURIAM.

Ralph Nauman (appellant) appeals from two orders of contempt resulting from his failure to make the alimony and support payments as provided in a divorce judgment. We affirm.

The divorce decree awarded Cheryl Nauman (appellee) custody of the children, $200 per month alimony for forty-eight months and child support of $100 per month per child. Appellant was granted "liberal rights of visitation providing that [he] shall first contact [appellee] by phone at every and all times that he desires to exercise his visitation rights." At a show cause hearing before Circuit Judge Gerken in August of 1980 appellant was found in contempt for failing to make marital debt and child support payments. The court ordered appellant committed and refused his request to further structure visitation rights. At a subsequent show cause hearing appellant was again found in contempt for failing to make alimony payments and was again committed to the custody of the sheriff. In the last order appellant's visitation rights were specified from 5:00 p. m. Friday evening until 9:00 p. m. Sunday evening one weekend a month, on alternating holidays and for one month during the summer.

Before the divorce appellant had operated an unsuccessful business in Mitchell, South Dakota, providing flying instruction and air taxi service. The evidence conflicted on whether the business failed due to an economic recession or his personal neglect; the court found the latter. Following his business failure, appellant enrolled in a guidance and counseling program at South Dakota State University, Brookings, South Dakota, looking toward a graduate degree which he claimed was necessary to obtain gainful employment. Appellant now lives in Brookings with his present wife and her eight-year-old son in a home she acquired prior to their marriage. Appellant has earned only a small income as a flight instructor for a Brookings area flying service.

Appellant's children were two and six years old at the time of his divorce. His six-year-old son is now attending school in Mitchell. Appellee is now a student at Dakota Weslyan University, Mitchell, South Dakota. Her previous work experience was as a grocery store checker or clerk.

Appellant specifically argues that the evidence failed to show he had the ability to comply with the orders or that his disobedience to the orders was wilful or contumacious. See *Talbert v. Talbert*, 290 N.W.2d 862 (S.D.1980); *Hanisch v. Hanisch*, 273 N.W.2d 188 (S.D.1979). The court found that he failed to pursue his business interests, deliberately failed to service the various business clients that were made available to him, and that he spent a substantial portion of his time pursuing non-business interests. The court further found that appellant had not sought suitable employment and had maneuvered himself into a position so as to make it appear that he was unable to comply with the court's order. The trial court consistently found that appellant had the ability to comply and that his disobedience was wilful and/or contumacious. From the record before us, we conclude such findings are not clearly erroneous. SDCL 15–6–52(a).

While it may be true that appellant did not have the funds to satisfy the full obligation imposed by the court's decree, he obviously had the ability and capacity to do better than he did. In this sense he misplaces his reliance on *Otten v. Otten*, 245 N.W.2d 506, 508 (S.D.1976), where it was said, "An adjudication that defendant be

incarcerated for his failure to make support payments can be made only after a finding that defendant had *money* with which to make the payments." (emphasis added) In *Otten* the trial court had failed to enter findings in the contempt proceedings.

The defense we have recognized in such proceedings has been the inability to comply with an order rather than simply a lack of funds. *Talbert v. Talbert,* supra; *Simmons v. Simmons,* 67 S.D. 145, 290 N.W. 319 (1940). "The question of [ability to comply] is not merely one of the amount of cash which the husband has on hand." 3 W. Nelson, Divorce and Annulment § 16.25, 435 (2d ed. 1961 rev. vol.). "[U]nless a defendant shows he has complied with the court's order to the fullest extent of his ability his defense of inability fails." *Bailey v. Bailey,* 77 S.D. 546, 549, 95 N.W.2d 533, 534 (1959).

A party is not guilty of contempt of court in failing to pay amounts required by a divorce judgment if he is unable to do so and did not voluntarily create the disability for the purpose of avoiding such payment, and where a party seeks to satisfy the court that his failure to render obedience to the mandate of the court was due to his inability to comply, without fault on his part, the burden is on him to establish such disability.

*Simmons v. Simmons,* 67 S.D. at 149, 290 N.W. at 321. Appellant has not sought suitable employment. It also appears he did substantially less than his best to avoid the failure of his business. Since appellant is responsible for his inability to comply with the court's order, it was not error to find him in contempt of the court's order.

■ Once the elements of contempt are found, as they were here, a person failing to make support payments may be incarcerated. *Simmons v. Simmons,* supra; *Otten v. Otten,* supra.

■ Appellant also contends that the court erred in refusing to order a change of custody of the minor children.

The trial court is vested with broad discretion in deciding questions of child custody modification, and such trial court decisions will be reversed only upon a clear showing of an abuse of that discretion. SDCL 25–4–45; *Ulver v. Ulver,* 1956, 76 S.D. 371, 78 N.W.2d 830; *Weygand v. Weygand,* 1941, 68 S.D. 1, 297 N.W. 689. To aid the trial court in the exercise of its discretion in child custody modification proceedings, we have adopted the rule that the parent seeking modification of custodial rights has the burden of proving by a preponderence of the evidence that (1) there has been a substantial and material change of circumstances since the decree of divorce was entered, and (2) the welfare and best interests of the children require the modification being sought. *Masek v. Masek,* 1976, 90 S.D. 1, 237 N.W.2d 432, 434. *Menning v. Menning,* 272 N.W.2d 828, 829–830 (S.D.1978). The evidence reveals that the Court did not abuse its discretion in refusing to order a change of custody.

■ Appellant also claims that the court erred in not structuring more liberal visitation privileges in his favor. Trial courts may allow a non-custodial parent any visitation that is reasonable "under such conditions or restrictions as the trial court in its wisdom may impose." *Larson v. Larson,* 70 S.D. 178, 180, 16 N.W.2d 307, 308 (1944). While appellant's visitation privileges, when compared to appellee's right to custody, may not have been as liberal as he desired, they were within reasonable tolerances.

■ Appellant next claims error in the court's refusal to reduce his support obligation.

This Court has consistently held that there must be a change of circumstances to justify a change in alimony and child support payments. *Blare v. Blare,* 302 N.W.2d 787 (S.D.1981); *Guindon v. Guindon,* 256 N.W.2d 894 (S.D.1977); *Jameson v. Jameson,* 90 S.D. 179, 239 N.W.2d 5 (1976). This Court does not sit as a trier of fact and will not disturb the decision of the trial court on questions of alimony and child support unless there is an abuse of discretion. *Stenberg v. Stenberg,* 90

S.D. 229, 240 N.W.2d 100 (S.D.1976); *Guindon v. Guindon*, supra.

The term "abuse of discretion" refers to "a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Root v. Bingham*, 26 S.D. 118, 120, 128 N.W. 132, 133 (1910), quoting from *Murray v. Buell*, 74 Wis. 14, 41 N.W. 1010 (1889).

*Herndon v. Herndon*, 305 N.W.2d 917, 918 (S.D.1981). The trial court found the change in circumstances which rendered appellant unable to comply with the child support order was the result of his deliberate maneuvering. That was tantamount to finding the appellant had voluntarily reduced his income. "A person cannot voluntarily reduce his income in order to avoid alimony and support payments. *Simmons v. Simmons*, 67 S.D. 145, 290 N.W. 319 (1940)" Id. The court did not abuse its discretion in refusing to modify the husband's support obligation.

The remaining issue presented by appellant has been reviewed and likewise found to be without merit.

The orders are affirmed.