**Carolyn S. JAMESON, Plaintiff and Appellee,**

v.

**G. Malcom JAMESON, Defendant and Appellant.**

**Nos. 13892, 13905.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1983.

Decided April 27, 1983.

Rehearing Denied May 31, 1983.

Gary P. Thimsen of Woods, Fuller, Shultz & Smith, Sioux Falls, for plaintiff and appellee.

Gerald L. Reade of Brady, Kabeiseman, Reade, Abbot & Johnson, Yankton, for defendant and appellant.

McMURCHIE, Circuit Judge.

This case has now visited the court three times, the two prior decisions appearing in *Jameson v. Jameson,* 90 S.D. 179, 239 N.W.2d 5 (1976) and 306 N.W.2d 240 (S.D. 1981), each of which we refer to for background.

The present case again finds both parties appealing from portions of an order of the trial court issued June 14, 1982, wherein the trial court set forth the following:

1. Ordered that the defendant shall reimburse the plaintiff for the sum of $8,123.37 [1] representing expenditures made by the plaintiff on account of the education of the parties' daughter at Iowa State University, from which appellant appeals.

2. Ordered that defendant shall reimburse the plaintiff for the sum of $2,000.00 [2] representing only a portion of the expenditures made by the plaintiff on account of the education of the parties' son at Augustana College for the academic years 1980–1982, from which appellee appeals.

3. The court's finding that the defendant had paid the plaintiff's federal income tax liability for the years 1978 to 1981 in full and that the additional sum would not be awarded, from which appellee appeals.

4. The court's finding denying the plaintiff interest on sums due, attorney's fees and costs, from which appellee appeals.

The appellant appeals only from the first issue alleging that the prior trial court, in its order of June 9, 1980, rejected the

---

1. The defendant had previously paid a portion of the cost of said education.

2. The defendant herein appears to have helped his son obtain educational loans for $4,800.00 for the academic years 1980–1982, upon which he is acting as a guarantor, and paid $2,381.00 in addition thereto toward his son's education.

appellee's request for reimbursement of the $8,123.37, that the same was affirmed by the Supreme Court in its second decision; thus, the principle of res judicata applies.

The second trial court, in its order of June 9, 1980, found that the defendant was obligated to pay the cost of education of the children of the parties and further stated that the court would not set any guidelines, as requested by the defendant, as to what obligations he owes toward educating his children beyond a majority except as set forth in the trial court's memorandum decision, which instrument specifically found that the defendant was obligated for his daughter's advanced schooling at Iowa State.

This court, in its second *Jameson* decision, addressed the first issue:

> We believe the trial court fairly addressed such responsibilities in its memorandum opinion, although it refused to do so in the order. If the trial court's directive does not prove adequate, and the parties cannot agree, there can be further clarification of the decree in this respect, *Dunham v. Dunham*....[3]

306 N.W.2d at 244.

This court thus affirmed the then trial court's order of June 9, 1980, which order effectively incorporated the trial court's memorandum decision addressing this issue. The present trial court declined to change the prior court's finding, adopted the same and entered its order directing the sum to be paid. Finding no abuse of discretion, we affirm.

■ Concerning the appellee's appeal from the issue of their son's college expenses, the present trial court fairly considered the issue in the manner directed by this court in its last opinion, *Jameson v. Jameson*, 306 N.W.2d 240 (S.D.1981). The appellant is liable for the full cost of his son's education subject to the test as to whether the same is reasonable in light of all the circumstances. This court finds, on the limited issue of reimbursement to date, that there is no abuse of discretion and we affirm.

■ The appellee's next contention is that the present court erred in not assessing an additional tax liability as a result of the lump sum payment of arrearages and interest thereon. The record is clear that neither party has been fully cooperative in furnishing the necessary information for computation purposes. Furthermore, it was necessary for the present trial court to determine the amount, which was different than that claimed by both parties, thus the sum was not capable of being made certain by calculation. Finding no abuse of discretion, we affirm.

■ Lastly, the appellee contends that the present trial court again erred in not awarding attorney's fees. The same rests within the sound discretion of the trial court. Finding no abuse of discretion, we affirm.

All the Justices concur.

McMURCHIE, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.

---

3. *Dunham v. Dunham*, 189 Iowa 802, 807, 178 N.W. 551, 553 (1920).