**Emil Frank MOLLER, Plaintiff and Appellee,**

v.

**Bernice MOLLER, Defendant and Appellant.**

**Nos. 14433, 14451.**

Supreme Court of South Dakota.

Argued Sept. 10, 1984.

Decided Oct. 24, 1984.

Nancy J. Turbak, Watertown, for plaintiff and appellee.

Kathleen K. Kilmer, Sioux Falls, for defendant and appellant.

FOSHEIM, Chief Justice.

Bernice (wife) and Emil Frank (husband) Moller were married on November 16, 1950, and divorced on June 8, 1977. The parties entered into a stipulation and agreement, the terms of which were incorporated into the 1977 divorce judgment. One hundred dollars a month alimony was

awarded to wife until age 65.[1] On May 18, 1983, wife moved for modification of the decree. She requested one-half of husband's military retirement pay, or, in the alternative, the equivalent of one half of his military retirement pay as increased alimony. A hearing on that motion was held on June 24, 1983. The trial court denied her military retirement pay request but found changed circumstances and increased her alimony to $222.90 per month. That increase was based on an inflationary index. She was also awarded $500.00 attorney fees. Wife appeals the sufficiency of the alimony increase. Husband filed a notice of review contesting any increase in alimony and the attorney fee award. We affirm in part, reverse in part, and remand.

## I. MILITARY RETIREMENT PAY

Neither the stipulation and agreement nor the divorce decree mentioned military retirement pay. Wife contends that at the time of the divorce, military retirement pay was legally exempt from claims of an ex-spouse and state courts had no jurisdiction to divide these benefits. *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Wife argues, however, that the 1982 Uniformed Services Former Spouses Protection Act, 10 U.S.C. § 1408 *et seq.*, created a *new* property right not formerly available for division in the marital estate. *See* 10 U.S.C. 1408(c)(1) (allows a court to treat military retirement pay payable after June 25, 1981, either as property solely of member or as marital property).

We note, however, that prior to *McCarty, supra,* South Dakota and other jurisdictions treated retirement pay as divisible marital property. *See Hansen v. Hansen,* 273 N.W.2d 749 (S.D.1979) (J.C. Penney retirement account); *McCarty, supra* (military retirement pay treated as community property by lower court); *Chisnell v. Chisnell,* 82 Mich.App. 699, 267 N.W.2d 155 (1978), *cert. den.* 442 U.S. 940, 99 S.Ct.

---

1. We note that the parties had different counsel during the original action, the modification hearing, and this appeal.

2881, 61 L.Ed.2d 310 (1979), *reh. den.*, 444 U.S. 887, 100 S.Ct. 187, 62 L.Ed.2d 121 (1979); *Taylor v. Taylor*, 217 Neb. 409, 348 N.W.2d 887 (1984) (statute includes all pensions as marital property); *Bloomer v. Bloomer*, 84 Wis.2d 124, 267 N.W.2d 235 (1978) (state pension account).

Moreover, appellate courts almost unanimously refused to give *McCarty, supra,* retroactive effect, so this decision did not affect pre-*McCarty* decrees dividing retirement pay. *See McGinn v. McGinn*, 126 Mich.App. 689, 337 N.W.2d 632 (1983); *Erspan v. Badgett*, 659 F.2d 26 (5th Cir.1981); *Rodriguez v. Rodriguez*, 133 Ariz. 88, 649 P.2d 291 (App.1982); *In Re Marriage of Fellers*, 125 Cal.App.3d 254, 178 Cal.Rptr. 35 (1981); *In Re Marriage of Sheldon*, 124 Cal.App.3d 371, 177 Cal.Rptr. 380 (1981); *In Re Marriage of Allcock*, 107 Ill.App.3d 150, 62 Ill.Dec. 865, 437 N.E.2d 392 (1982); *Whenry v. Whenry*, 98 N.M. 737, 652 P.2d 1188 (1982); *In Re Marriage of Vinson*, 57 Or.App. 355, 644 P.2d 635 (1982); *Ex Parte Hovermale*, 636 S.W.2d 828 (Tex.Civ.App. 1982); *Ex Parte Gaudion*, 628 S.W.2d 500 (Tex.Civ.App.1982). Courts could have, and did, treat pension rights as divisible marital property. "The purpose of [§ 1408(c)(1) was] to place the courts in the same position that they were in on June 26, 1981, the date of the *McCarty* decision, with respect to treatment of non-disability military retired [sic] or retainer pay." *Taylor v. Taylor*, 217 Neb. 409, 348 N.W.2d 887 (1984). Military retirement pay is no longer treated differently than any other pension. *Id. See also, Bullock v. Bullock*, 354 N.W.2d 904, 10 Fam.L.Rep. (BNA) 1598 (N.D.1984); *Contra, Grant v. Grant*, 9 Kan.App.2d 671, 685 P.2d 327, 10 Fam.L. Rep. (BNA) 1585 (1984).

■ The real effect of the Uniformed Services Former Spouses Protection Act is on divorce decrees granted or modified during the *McCarty, supra,* reign, June 26, 1981 to September 8, 1982. Those decrees certainly may now be modified in accordance with the new law, as may pre-*McCarty, supra,* decisions which specifically refer to military retirement pay. *Id.*

■ The divorce decree here was granted in 1977, long before *McCarty, supra,* or 10 U.S.C. § 1408 *et seq.* Husband was receiving his military retirement pay when the original decree was granted, and we must assume it was considered by the divorce court. Because military retirement pay was not mentioned in the original decree there was nothing for the trial court to modify on that subject. *Dougherty v. Dougherty*, 76 S.D. 318, 77 N.W.2d 845, 848 (1956). The decree is final and conclusive on military retirement pay. *Id.* To allow wife one-half of husband's allotment now would not be modification, but a new judgment. *Id.* We therefore find that wife, in this case, is not entitled to one-half of husband's military retirement pay. *Compare McGinn v. McGinn*, 126 Mich. App. 689, 337 N.W.2d 632, 634 (1983); *Cockle v. Cockle*, 215 Neb. 329, 339 N.W.2d 63, 67 (1983). This does not foreclose our review of whether the trial court sufficiently increased wife's alimony to adequately reflect changed circumstances.

## II. THE ALIMONY AWARDED

■ The original monthly alimony award of $100.00 was low. Wife urges us to apply the rationale of *Kolb v. Kolb*, 324 N.W.2d 279 (S.D.1982), to the facts herein. *Kolb*, held that when child custody is based upon a stipulation and agreement, evidentiary facts concerning custody have not been litigated and are not deemed adjudicated in a modification hearing. Child custody, however, involves the rights of third persons who were not parties to the action or participants in the stipulation and agreement. Here the property and alimony agreement was between two responsible adults, both of whom were represented by counsel. We are not inclined to extend the *Kolb* rationale to alimony and property matters. *See Ramsay v. Ramsay*, 305 Minn. 321, 233 N.W.2d 729 (1975); *Kaiser v. Kaiser*, 290 Minn. 173, 186 N.W.2d 678 (Minn.1971). A trial court's determination of alimony must stand absent a clear abuse of discretion, *Herndon v. Herndon*, 305 N.W.2d 917 (S.D.1981); and we will not put

trial courts in the position of relieving parties of an initial bad bargain, nor look behind the original decree on an appeal of a modification decision. *See Jameson v. Jameson,* 90 S.D. 179, 239 N.W.2d 5 (S.D. 1976).

■ However, the authority to modify an alimony award is not affected by the fact that the original divorce judgment was based on an agreement between the parties. *Blare v. Blare,* 302 N.W.2d 787 (S.D. 1981); *Connolly v. Connolly,* 270 N.W.2d 44 (S.D.1978); *Simmons v. Simmons,* 67 S.D. 145, 290 N.W. 319 (1940). The only issue before the trial court therefore was whether circumstances had changed between the 1977 divorce decree and the 1983 modification hearing which warranted alimony adjustment. *Herndon, supra. See also, Guindon v. Guindon,* 256 N.W.2d 894 (S.D.1977); *Jameson, supra.*

Wife is unemployed and suffers from rheumatoid arthritis, inhalent allergies and a hearing loss. Although she submitted no expert medical testimony, husband did not dispute her health problems or her inability to work. The trial court found wife was not a malingerer. She was forced to sell the home awarded to her in the divorce decree because she could not maintain the payments. The record further reveals she was receiving unemployment insurance benefits and food stamps. Conversely, husband's income from his insurance business had substantially increased, as had his military retirement pay.

■ Husband contends his income increased at a percentage rate lower than wife's. He argues, therefore, that wife's circumstances have actually improved. This reasoning does not fairly reflect the facts. We cannot countenance a percentage comparison of two individual's incomes when one party spent twenty-six years building an income base while the other spouse was not employed, thereby having no base. To do so would produce results "clearly against reason and evidence." *Herndon, supra.*

■ Upon review of the changed circumstances, we find the trial court insufficiently increased wife's alimony. *Guindon, supra; Guinter v. Guinter,* 72 S.D. 554, 37 N.W.2d 452 (1949); *Lines v. Lines,* 69 S.D. 299, 9 N.W.2d 705 (1943). The court included wife's earnings, which had ceased, and her temporary unemployment insurance benefits in her 1983 income. That distorted her true financial condition. Adjusting the alimony based on inflation alone only reflected one important changed circumstance. The trial court's increase should also have accounted for her deteriorated health which impaired, or totally precluded, future employment.

■ Husband contests the trial court's attorney fee award to wife. The record shows that the trial court adequately considered all factors and did not abuse its discretion by awarding attorney fees. *Peshek v. Peshek,* 297 N.W.2d 323 (S.D. 1980); *Lien v. Lien,* 278 N.W.2d 436 (S.D. 1979).

We accordingly hold the trial court abused its discretion by inadequately increasing the alimony, but we affirm in all other respects. The case is remanded for further proceedings consistent with this opinion. No attorney fees were requested on appeal.

WOLLMAN, MORGAN and HENDERSON, JJ., concur.

WUEST, Circuit Judge, acting as Supreme Court Justice, concurs.