APPEAL OF PARKER INDEPENDENT SCHOOL DISTRICT

(172 N.W.2d 290)

(File No. 10628.   Opinion filed November 19, 1969)

**John A. Shaeffer,** Flandreau, for petitioner-appellant.

**Robert J. Haar,** Viborg, for defendant-respondent.

BIEGELMEIER, Presiding Judge.

Irvin F. Dykstra was the owner of real estate, part of which was located in McCook County and part in Turner County; it

was farmed as one unit. The McCook County land was part of the Marion Independent School District and the Turner County land part of the Parker Independent School District, both being Turner County districts.

On January 24, 1968 the Turner County Board of Education granted Dykstra's petition asking that the Turner County land be attached to the Marion District. Notice of this action was given to both school boards and other county and state officials. The Parker Independent School District served a notice of appeal to the circuit court which notice was served on the County Superintendent of Schools. Thereupon the Turner County Board of Education made a motion to dismiss the appeal for the reason that the circuit court was without jurisdiction. The reason stated in the motion was that the Parker District was not a "party feeling aggrieved" under SDC 1960 Supp. 15.2023 now SDCL 1967, 13-6-89, and had no right to appeal from the decision of the county board, and for that reason the circuit court dismissed the appeal.

In order to so dismiss the appeal the circuit court assumed jurisdiction to construe and did construe the words, "party feeling aggrieved" in the statute as not including the Parker District. No service of the notice of appeal having been made on the county board, the circuit court had no jurisdiction except to dismiss the appeal.

> "An appeal from the action of public officers or boards to the circuit court must be invoked in the manner prescribed by statute. Camp Crook Independent School Dist. No. 1, [Harding County] v. Shevling, 65 S.D. 14, 270 N.W. 518. If a circuit court is without jurisdiction of the subject matter in litigation, this court does not acquire jurisdiction thereof by appeal to it from the final order or judgment of the circuit court." Middle Creek Sch. Dist. No. 18, of Butte County v. Butte Co. Bd. of Ed., Thompson v. Butte County Bd. of Ed., 1968, 83 S.D. 107, 155 N.W.2d 450.

By SDCL 1967, 13-6-89 "Any party feeling aggrieved by any decision of the county board (of education, Ch. 13-2) * * * shall be entitled to appeal such decision within ninety days to the circuit court * * * under the same limitations and procedures provided by law for appeal for all school board decisions * *".

■■ The law spelling out the limitations and procedures for such appeals is now found in Ch. 13-46 of SDCL 1967, formerly SDC 1960 Supp. § 15.2344. See Piedmont Ind. School Dist. No. 34 of Meade County v. Meade County Board of Education, 78 S.D. 384, 103 N.W.2d 177. Chapter 13-46 of SDCL 1967, § 1 provides: "From a decision made by a county superintendent, by any school board, or by a special committee * * * an appeal may be taken to the circuit court * * *"; § 3 states such "appeal shall be taken by serving a notice of appeal upon the county superintendent or on a school board or special committee or any member thereof, and by filing such notice of appeal in the office of the clerk of the circuit court * * *", listing the persons or boards from which appeals may be taken in the same order as cited in § 1. Thus, § 3 requires service of the notice of appeal on the person or board (or a member of the board) making the decision. This conclusion is supported by § 2 wherein it is provided "Any matter so appealed shall be entitled in the name of the aggrieved party as appellant, against the superintendent of schools, school board, or special committee, **as the case may be,** as respondent." (emphasis supplied) Service of the notice of appeal by the Parker District on the County Superintendent of Schools from a decision of the Turner County Board of Education was not a compliance with these appeal statutes and conferred no jurisdiction on the circuit court which correctly dismissed the appeal.* Nor are we unmindful of SDCL 1967, 13-2-12 by which the County Superintendent of Schools is secretary of the county board. As secretary, the sup-

---

* Incidentally, in Middle Creek and Thompson v. Butte County Board of Education, supra, the record showed an appeal by the school district and Thompson, a resident and taxpayer, evidently to comply with the SDCL 1967, 13-6-89 party feeling aggrieved requirement and service of the Notice of Appeal was on both the county superintendent and members of the county board of education to comply with SDCL 1967, 13-46-3 then SDC 1960 Supp. 15.2344. Here the Parker District brief states "there were no individual electors in the district interested enough to appeal or join in the appeal.

erintendent is not a member of the county board, SDCL 1967, 13-2, but, with other county officers, only an advisor to the county board without the right to vote as a member of the board.

The judgment of dismissal of the appeal is affirmed.

All the Judges concur.