John FULLER, Plaintiff and Appellant,

v.

Mary FULLER, Defendant and Appellee.

No. 13229.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1981.

Decided Dec. 2, 1981.

---

Gary P. Thimsen of Woods, Fuller, Shultz & Smith, Sioux Falls, for plaintiff and appellant.

Thomas F. Martin of McCann, Martin & Mickelson, Brookings, for defendant and appellee.

PER CURIAM.

The husband appeals from an order entered in a divorce action finding him in contempt.

The decree entered in the divorce action ordered the husband to pay $225 per month child support. After a hearing on an order to show cause the court entered findings which included a finding that the husband had failed to make support payments as required. The trial court failed to specifically find that the husband had the ability to comply with the child support order. The only finding made on his ability to comply was that he was able to pay more than $75 per month, the amount to which he had unilaterally reduced support.

The husband contends that there was not a sufficient finding made that he had the ability to make the child support payments. Absent such a finding he argues that the trial court could not conclude he was in contempt. A conclusion that contempt has occurred is improper without a finding that the four elements of contempt are present—(1) existence of an order, (2) knowledge of that order, (3) ability to comply with the order, and (4) wilful or contumacious disobedience. *Talbert v. Talbert*, 290 N.W.2d 862 (S.D.1980); *Hanisch v. Hanisch*, 273 N.W.2d 188 (S.D.1979). Here the court failed to find that the husband had the ability to comply with the order. Without this he could not be held in contempt.

Appellee is awarded attorney fees in the amount of $300.00.

The order of contempt is reversed, and the matter is remanded to the trial court for a specific finding of fact on the husband's ability to comply with the divorce decree's order for child support.