**OLDHAM–RAMONA SCHOOL DISTRICT NO. 39–5,**
**Appellee,**

v.

**James L. JENSEN and Joanne J. Jensen, Appellants.**

**Nos. 18005, 18014.**

Supreme Court of South Dakota.

Considered on Briefs
March 17, 1993.

Decided July 14, 1993.

Jerome Lammers of Lammers, Lammers, Kleinbacker & Parent, Madison, for appellee.

Todd D. Wilkinson of Wilkinson & Wilkinson, De Smet, for appellants.

PER CURIAM.

James and Joanne Jensen (Jensens) appeal a circuit court judgment reinstating the Oldham–Ramona School Board's disapproval of their petition for a minor school district boundary change.* We affirm.

## FACTS

On December 12, 1989, voters in the old Oldham and Ramona School Districts approved a school district reorganization plan merging the two districts into one effective July 1, 1990. In January and February of 1990, the legislature met and passed a series of amendments to the statutes concerning minor school district boundary changes. Some of the amendments contained an emergency clause making them effective from and after the date of their passage and approval which was on February 28, 1990. *See,* 1990 S.D.Sess.L. ch. 111, § 3. The balance of the amendments were not passed with the benefit of an emergency clause and, therefore, were not effective until July 1, 1990. *See,* 1990 S.D.Sess.L. ch. 113; SDCL 2–14–16.

On March 12, 1990, Jensens petitioned the new Oldham–Ramona School District for a minor boundary change that would transfer some of their property to the Lake Preston School District. Jensens contended that the Oldham–Ramona School Board (the board) had sixty days to act on their petition. This view was based on some of the amendments made to the pertinent statutes during the 1990 legislative session. However, the board took the position it was not required to act on Jensens' petition prior to July 1, 1990, when the school district reorganization plan took effect. When sixty days passed with no board ac-

---

* The issues in this appeal are similar to those in Appeal #'s 17982 through 17985, *Oldham–Ramona School Dist. v. Ust, Bruner, Jensen and Hoyer,* 502 N.W.2d 574 (S.D.1993). Those separate appeals were consolidated for disposition in a single decision. However, due to the appearance of different counsel in this case and because of some variation in the arguments, this matter is being separately treated in this decision.

tion on their petition, Jensens interpreted the board's lack of action as a disapproval of their petition for a boundary change and appealed the purported disapproval to the State Superintendent of Education. *See* SDCL 13-6-85 (Supp.1989) (appeal allowed to State Superintendent of Education from school board decision on minor boundary change). Jensens filed their appeal on May 31, 1990.

On July 5, 1990, during the pendency of Jensens' appeal to the State Superintendent, the board conducted an evidentiary hearing on Jensens' petition. Jensens were given an ample opportunity to testify and produce any evidence whatsoever in support of their petition. However, the board took no final action on the petition during, or immediately after, the July 5 hearing.

On August 9, 1990, the State Superintendent issued an order directing the board to take action on Jensens' petition. The board attempted to appeal this order to the circuit court, questioning the State Superintendent's jurisdiction to issue the order. The circuit court granted Jensens' motion to dismiss the board's appeal and remanded the matter to the State Superintendent for further proceedings.

On August 14, 1990, the board adopted a resolution disapproving Jensens' petition. Following that action, the State Superintendent again assumed jurisdiction over the case and proceeded with an appeal of the board's decision despite the fact that Jensens had filed no notice of appeal pertaining to the August 14 decision. On or about November 20, 1990, the board filed a motion to dismiss the appeal on the basis of Jensens' failure to file a notice of appeal and the State Superintendent's resultant lack of jurisdiction over the matter.

Notwithstanding the jurisdictional issue, the State Superintendent conducted a detailed evidentiary hearing on Jensens' appeal on November 20 and December 17, 1990. On December 31, 1990, the State Superintendent entered findings of fact, conclusions of law and a decision. The Superintendent found that he had jurisdiction to act in the matter, overruled the board's decision and granted Jensens' request for a minor boundary change.

The board appealed the State Superintendent's decision to the circuit court, filing its notice of appeal on January 28, 1991. The board subsequently filed motions to dismiss and for summary judgment, again raising the State Superintendent's lack of jurisdiction as a basis for granting both motions. Both motions were denied. The trial on the matter took place May 7, 1992. On June 1, 1992, the circuit court entered its findings of fact and conclusions of law. The circuit court determined that the board's action in disapproving Jensens' petition was legal and that it was not arbitrary, capricious or an abuse of discretion. Accordingly, the circuit court entered its judgment reversing the decision of the State Superintendent and reinstating the board's disapproval of Jensens' petition.

Jensens have now appealed to this court, raising three issues. The board has also filed a notice of review, again questioning the State Superintendent's jurisdiction to act in this matter. Inasmuch as we find the notice of review issue dispositive of this case, we find it unnecessary to address the issues raised in Jensens' brief.

## ISSUE

DID THE STATE SUPERINTENDENT OF EDUCATION HAVE JURISDICTION TO ACT IN THIS MATTER?

■ The board contends that because Jensens failed to file a timely notice of appeal of its formal disapproval of their boundary change petition, the State Superintendent of Education never acquired jurisdiction to consider an appeal of the disapproval. Accordingly, the board asserts its disapproval of Jensens' petition must be upheld on that foundation. We agree.

■ Prior to their appeal to this Court, Jensens only appeal in this matter was their initial appeal to the State Superintendent of Education from the board's failure to act on their boundary change petition. Jensens filed that appeal on May 31, 1990. In May 1990, SDCL 13-6-85 limited petitioners in boundary change cases to ap-

peals, "from the *decision* of the school board ..." SDCL 13–6–85 (Supp.1989) (emphasis added). In May 1990, SDCL 13–6–86.1 limited a school board's "decision" in a boundary change case to approval or disapproval of the petition. 1990 S.D.Sess.L. ch. 111, § 2. *See also, Aman v. Edmunds Cent. School Dist. 22–5,* 494 N.W.2d 198 (S.D.1992) (language of SDCL 13–6–86.1 limits action of board to approval or disapproval of boundary change petition). As of May 31, 1990, when Jensens filed their appeal, the board had not approved or disapproved their petition. Thus, there was no school board "decision," as defined by SDCL 13–6–86.1, for Jensens to appeal on May 31.

SDCL 1–26–30.1 in the Administrative Procedures Act does make an *agency's* failure to render a decision within a specified time appealable to the circuit court as an adverse decision. However, Jensens cite no comparable provision among the statutes on appeals in boundary change cases. Thus, even if we accept Jensens' argument that the board was required to act on their petition within sixty days of its filing, Jensens sought the wrong remedy for the board's failure to act. Rather than an appeal to the State Superintendent, Jensens should have sought a writ of mandamus from circuit court to compel the board to carry out its statutory duty to take action on their petition. *See* SDCL 21–29–1 (mandamus may be issued to compel performance of an act which the law specifically enjoins as a duty resulting from office). In that way, the board could have been compelled to take action on Jensens' petition and approve or disapprove it. Approval or disapproval would have created a *decision* appealable to the State Superintendent under SDCL 13–6–85 (Supp.1989).

Here, the board's decision disapproving Jensens' petition was not issued until August 14, 1990. Jensens never filed a notice of appeal of that decision with the State Superintendent. In August 1990, an appeal to the State Superintendent from a decision of a school board in a boundary change case had to be taken, "within thirty days from the date of the decision of the school board by filing a notice with the superintendent of the school board and mailing a copy thereof to the superintendent of education." SDCL 13–6–85 (Supp. 1990).

■ This Court has consistently held that failure to file a timely notice of appeal from a school board decision is a jurisdictional flaw requiring dismissal of the appeal by the circuit court. *Hardy v. West Cent. School Dist. No. 49–7,* 478 N.W.2d 832 (S.D.1991). In a similar vein, this court has held that where no notice of appeal was served on the county board of education as required by statute, no jurisdiction was conferred on the circuit court to consider the appeal. *Appeal of Parker Independent School District,* 84 S.D. 388, 172 N.W.2d 290 (1969).

Although the above authorities were decided in terms of circuit court appeals of school board decisions, we find no sound basis for departure from this strict procedural requirement in the instant case. As we highlighted in *Stark v. Munce Bros. Transfer & Storage,* 461 N.W.2d 587 (S.D. 1990), a notice of appeal is not simply another piece of paper in a file. It serves an important function as a notice of transfer of jurisdiction. *Id.* In this instance, Jensens' timely service of a notice of appeal would have served an important function as a notice of transfer of jurisdiction over their petition from the local school board to the State Superintendent of Education. Much of the confusion in this case resulting from simultaneous actions by the board, the State Superintendent and the circuit court might then have been avoided.

■ Based upon the above analysis, we hold that Jensens never served or filed a timely notice of appeal of the board's disapproval of their boundary change petition with the State Superintendent of Education. As a result, the State Superintendent never acquired jurisdiction to hear or consider their appeal. The circuit court should have vacated the State Superintendent's decision as void for lack of jurisdiction and reinstated the board's decision on that foundation. Nevertheless, the circuit court did reach the correct result through

its consideration of the merits of the board's appeal and reinstatement of the board's decision. It is a matter of settled law that this court may affirm even where the circuit court reaches the correct result for the wrong reason. *Anderson v. Somers*, 455 N.W.2d 219 (S.D.1990). Because the circuit court reached the correct result in this case and nothing would be served by a reversal, the circuit court's decision is affirmed.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.