**Jeannine TAECKER, Plaintiff and Appellee,**

v.

**Timothy TAECKER, Defendant and Appellant.**

No. 18556.

Supreme Court of South Dakota.

Submitted on Briefs Sept. 14, 1994.

Decided Feb. 8, 1995.

Rick Johnson and Stephanie Pochop of Johnson, Eklund, Nicholson, Dougherty & Abourezk, Gregory, for plaintiff and appellee.

Daniel L. Fox of Blackburn, Stevens & Fox, Yankton, for defendant and appellant.

KONENKAMP, Justice.

A parent delinquent in paying support appeals a circuit court's finding of contempt and order that he pay interest on past due amounts. We affirm in part, reverse in part and remand.

In February, 1989, Tim Taecker (father) initiated divorce proceedings in Orange County, California. Jeannine Taecker (mother) returned with the parties' four boys to her hometown in Yankton County, South Dakota where she filed for public assistance. The divorce decree, entered on August 8, 1989, granted primary custody of the children to the mother and reserved spousal and child support issues for later determination. The California court then entered a Judgment on Reserved Issues on October 25, 1989 requiring the father to pay $400 per month alimony together with monthly child support of $200 per child. Because the father provided no support to his family during the nine months between filing for divorce and entry of the support order, the court backdated his support obligation to the date he filed for divorce, resulting in an immediate arrearage of $10,800. Aware that the mother was drawing public assistance in South Dakota, the California court also ordered that the accrued spousal and child support debt be paid to the South Dakota Department of Social Services (DSS) at the rate of $600 per month until all arrearages were paid. Thus the father's initial monthly payment of support and arrearages was $1,800. The court specifically decreed, "If any payments are not paid when due, whether consecutive or not, the entire remaining balance shall become immediately due and payable and draw interest at the legal rate." The father appealed through the California court system, but was unsuccessful.

At the time of the divorce the mother was unemployed with no marketable skills. As a heavy equipment operator the father's adjusted gross income was $41,780. Almost from the outset, nonetheless, the father paid sporadic child support and no spousal support. In the meantime, the mother obtained a real estate license and became a successful real estate agent. With 1992 commissions over $22,000 and commercial property producing an additional $1,766 income per month, she had become financially independent. She accomplished this with some help from her family and despite the father's poor support history.

In 1991, while still living in California, seeking to cut his support obligation in South Dakota, the father unsuccessfully attempted to register the California decree in Yankton County. His petition to modify support was dismissed because at that time only an obligee could register a foreign support order. SDCL 25–9A–40 (repealed 1994); cf. SDCL 25–9B–602. Work in the construction industry became limited and the father's income decreased. After a job lay off in May, 1992, he opted to move to South Dakota to be nearer to his children and to find steady work. Once here his annual earnings fell below $20,000 while his arrearages surmounted $40,000. The mother registered the California support order in Yankton County in January, 1993. The father then started this action to modify his support obligation. The mother countered with a motion for order to show cause seeking to have the father held in contempt for failure to pay support. Following a May 28, 1993 hearing, the circuit court modified the alimony order, but found the father in contempt for failure to pay past support and awarded prejudgment interest on all overdue payments at the rate of 1% per month. On September 22, 1993 the father was served with notice of entry of the court's findings of fact and conclusions of law and order. The father appeals raising the following issues:

I. Did the trial court err in determining that the father wilfully failed to pay support?

II. Did the trial court err in holding the father in contempt of court?

III. Did the trial court err in awarding the mother prejudgment interest on all support amounts past due although a substantial amount was owing to the State of South Dakota which has never requested interest?

IV. Did the trial court err in failing to retroactively vacate or modify the father's alimony obligation?

V. Did the trial court err in failing to modify the father's child support obligation?

We affirm Issues I, II and IV, but remand Issue III for clarification and Issue V for further consideration.

## ANALYSIS

I & II. *Contempt for wilfully failing to pay support*

■ We review a trial court's findings in a contempt action under the clearly errone-ous standard. *Dougherty v. Dougherty*, 482 N.W.2d 320 (S.D.1992). Four elements must be met to support a contempt finding: (1) existence of an order; (2) knowledge of the order; (3) ability to comply with the order; and (4) wilful or contumacious disobedience. *Fuller v. Fuller*, 312 N.W.2d 729, 730 (S.D. 1981). The father concedes the first two elements. He contends, however, that he "voluntarily paid as much as he could," but simply could not comply with the support order due to lack of funds. The following chart illustrating the father's income and support payments gravely undermines this assertion:

| Year | Adjusted Gross Income | Support Owed | Support Paid |
| --- | --- | --- | --- |
| 1989 | $41,780 | $13,200 | $3,650 |
| 1990 | 34,832 | 14,400 | 1,750 |
| 1991 | 33,441 | 14,400 | 3,822 |
| 1992 | 19,846 | 14,400 | 1,738 |
| 1993(up to hearing) | 3,633 | 6,000 | 1,118 |

His argument becomes insupportable when we recognize that most of the support payments credited to him after 1990 were obtained through garnishment and Internal Revenue Service intercepts of his tax refunds.

■ The father had the burden to prove his inability to pay and show that he otherwise complied to the fullest extent possible. *Talbert v. Talbert*, 290 N.W.2d 862, 863 (S.D. 1980); *Bailey v. Bailey*, 77 S.D. 546, 95 N.W.2d 533, 535 (S.D.1959). Proof of an inability to pay requires more than an assertion that one lacks adequate funds. *Nauman v. Nauman*, 320 N.W.2d 519, 521 (S.D. 1982). His excuse for initially falling behind is that the California court made his support retroactive to the date he filed for divorce. Of course, this amount accrued because while the divorce was pending, he paid no support. Yet even if one accepts this justification, it cannot explain why after 1989 there has never been a single month in which he voluntarily paid the full amount due or at least the full child support amount of $800. The father also attributes his poor payment record to the diminishing construction job market in California. His diminishing income may explain his inability to pay the full support amount ordered, but as the trial court noted, it hardly accounts for the father's poor payment record in the years when his income was adequate.

■ The father states that he had other debts, but allusions to other debts will not excuse noncompliance. *Vander Woude v. Vander Woude*, 501 N.W.2d 361, 363 (S.D. 1993); *Park v. Park*, 309 N.W.2d 827, 828 (S.D.1981). To provide for the children is a parent's first duty. *Donohue v. Getman*, 432 N.W.2d 281 (S.D.1988); *see* SDCL 25-7-6.1. The trial court found that the father had the ability to pay; and furthermore, he exhibited a "wilful and consistent" pattern of noncompliance. Confirmed by the father's deficient payment history, we hold that the trial court's findings were not clearly erroneous. *Hilbrands v. Hilbrands*, 429 N.W.2d 750 (S.D.1988).

The trial court declared the father in contempt and sentenced him to thirty days in

jail. Mindful of his financial condition at the time of the hearing, the court provided the father an opportunity to purge himself of contempt if he made a good faith attempt at finding suitable employment and pledged a portion of his income to support. This alternative would be reviewed after ninety days. The evidence supports the contempt order, so we will not disturb the trial court's decision. *Parsons v. Parsons,* 490 N.W.2d 733 (S.D.1992); *Fuller,* 312 N.W.2d at 730.

### III. *Award of prejudgment interest*

■ In its discretion per SDCL 25–7A–14 and *Vander Woude,* 501 N.W.2d at 364, the trial court awarded the mother prejudgment interest at 1% per month on the father's past due support. The father asserts that the mother's request for prejudgment interest was not formally noticed in her motion, so he had no time to oppose it. The 1989 California divorce decree specifically anticipated interest on past due support: "If any due payments are not paid when due, whether consecutive or not, the entire remaining balance shall become due and payable and draw interest at the legal rate." Thus the father was on notice that his arrearages would be subject to interest. In awarding prejudgment interest, the trial court summarized its rationale:

> Timothy has not alleged that he had a good faith belief that his obligations had been discharged and has wilfully and consistently failed to comply even when he had the financial ability.

As this finding was consistent with the evidence, the award of prejudgment interest was not an abuse of discretion. *Kier v. Kier,* 454 N.W.2d 544 (S.D.1990).

■ The father also asserts that some of the amount owed is not subject to interest. The mother received public assistance through DSS to support herself and the four children. As a part of this arrangement she assigned her rights to support from the father to DSS. A representative of DSS testified that the State charges no interest on past-due payments. When the father paid support either voluntarily or involuntarily through IRS intercepts and garnishment, the mother contends the payments went first to

reimburse the State. The father disputes this. In its findings and order the trial court did not delineate what the father owed to DSS (and if it will be interest free as DSS proposed) and what was owed to the mother. The court merely stated that prejudgment interest will be awarded "on the unpaid balance of the defendant Timothy Taecker's support obligations as determined from the records of the South Dakota Office of Child Support Enforcement." We uphold the award of prejudgment interest, but remand so that the circuit court can specify in its order to whom what amounts are owed and which amounts should carry interest.

### IV. *Retroactive modification of alimony*

■ Based on his decline in income and the mother's business achievements, the father sought to modify the alimony order under SDCL 25–4–41. Although the father's spousal support was set by a California court, another state's support order registered in South Dakota may be treated the same as an order originating here. SDCL 25–9A–42 (repealed 1994; effectively reenacted 1994, SDCL ch. 25–9B); *see also* SDCL ch. 15–16A. Finding no clear evidence that the father's decrease in income was devised as a means to evade his alimony obligation, the trial court declared that the father fulfilled his burden of proving the requisite change in circumstances. *Schwandt v. Schwandt,* 471 N.W.2d 176, 177 (S.D.1991). His future monthly alimony obligation was thereupon reduced to zero. *Lambertz v. Lambertz,* 375 N.W.2d 645 (S.D.1985).

■ The father maintains the trial court abused its discretion in not making this modification retroactive. The circuit court had no power to grant retroactive relief extending before the time the father's petition was pending. We held in *Steffens v. Peterson,* 503 N.W.2d 254 (S.D.1993), that past-due spousal support payments are not retroactively modifiable under SDCL 25–7–7.3 except for that period in which a petition for modification is pending. Alimony payments become final judgments as they fall due. SDCL 25–7–7.4. The father, therefore, could seek only to modify alimony from the time his petition was pending. The trial court

refused this request and we see no abuse of discretion, especially considering that the father contemptuously ignored the alimony order from the outset. *Gunn v. Gunn*, 505 N.W.2d 772 (S.D.1993).

### V. *Child Support Modification*

█ In the father's endeavor to modify his child support obligation, he had the burden to show a change of circumstances since the original judgment. *Hoy v. Hoy*, 391 N.W.2d 685, 689 (S.D.1986). To determine child support the court must consider the statutory criteria set forth in SDCL ch. 25–7. At the hearing both sides testified about their earnings and submitted tax records and other income materials. Ruling that it had insufficient information about the current finances for either party, the court declined to consider the father's request, but gave no indication about what information was lacking. In his appellate brief the father states he has assumed the court would examine the tax records along with the testimony to make a finding regarding the parties' income; that the court would use IRS Circular E to perform the calculations to figure allowable deductions; and then resort to the guidelines to figure the child support amount. Our review of the record indicates that adequate information was presented at the hearing so that the court could consider the father's request, though it may not have been assembled in summary exhibits. South Dakota's child support referees require parties to fill out standardized forms. Likewise, circuit courts certainly have the authority to insist that evidence be submitted in an intelligible fashion. SDCL 19–14–18(1) (Rule 611(a)). Our circuit courts do not always have the time to laboriously reconstruct disorganized financial data. Nonetheless, we recognize that the trial court found a change in circumstances in the parties' income sufficient to reduce alimony, suggesting that the child support may have also been subject to modification. In view of these circumstances, we remand to the trial court to consider the father's request to modify his child support obligation. *See Steffens*, 503 N.W.2d 260; SDCL 25–7–7.3. Of course, before such reconsideration, the court can require that the parties submit exhibits summarizing the information required in SDCL 25–7–6.3 and SDCL 25–7–6.7.

Based upon the applicable factors, we award the mother $1,273.69 in attorney fees in this appeal. *Malcolm v. Malcolm*, 365 N.W.2d 863 (S.D.1985).

Affirmed in part, reversed in part and remanded.

MILLER, C.J., SABERS and AMUNDSON, JJ., and WUEST, Retired Justice, concur.