2004 SD 25

**Judy MUNDLEIN, Plaintiff and Appellant,**

v.

**Jerry MUNDLEIN, Defendant and Appellee.**

No. 22871.

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 2004.

Decided Feb. 25, 2004.

Rick Johnson, Sandy Steffen of Johnson, Eklund, Nicholson & Peterson, Gregory, for plaintiff and appellant.

Thomas M. Issenhuth of Arneson, Issenhuth & Parent, Madison, for defendant and appellee.

GILBERTSON, Chief Justice.

[¶ 1.] Judy Mundlein (Judy) appeals a decision of a circuit court finding her in contempt of court for failing to pay credit card debt as required by a divorce decree. Because the circuit court made no findings concerning Judy's ability to actually pay the debt, we reverse and remand.

## FACTS AND PROCEDURE

[¶ 2.] On June 23, 2000, Judy and Jerry Mundlein obtained a final decree of divorce. Pursuant to the decree and property division, Judy was awarded various marital debts. The total amount of the debt was approximately $35,000. In order to equalize distribution of the marital assets, the circuit court ordered Jerry to pay Judy a $45,850 property settlement. After the parties were unable to reach an agreement on a payment plan, the circuit court ordered Jerry to pay $22,925 by December 31, 2000, with the remaining half of the settlement to be paid in three equal install-

ments, plus interest, on December 31 of the following three years.

[¶ 3.] A Capital One credit card account was among the debt awarded to Judy. Because the account was in Jerry's name, however, he continued to receive monthly statements from Capital One. Eventually, Judy stopped making payments on the credit card. When a collection agency notified Jerry that the account was in default, he directed his attorney to hold the 2001 payment to Judy in his trust account until the Capital One credit card was paid. The Capital One account was still in default at the end of 2002, and Jerry once again directed his attorney to hold the yearly payment owed Judy in his trust account until she paid the debt. On January 3, 2003, Jerry authorized his attorney to send Judy a sum of $6,340.06, but he retained $12,000 in his attorney's trust account in order to cover the balance owing on the Capital One credit card. Shortly thereafter, Judy paid $5,588.06 to a collection company pursuant to a settlement agreement in satisfaction of the outstanding balance on the Capital One credit card. At the time of the settlement, the balance on the credit card was well over $11,000.

[¶ 4.] On February 13, 2003, Judy brought a motion requesting the circuit court to find Jerry in contempt of court for his willful refusal to make the yearly property settlement payments. Jerry subsequently filed a motion to hold Judy in contempt for her failure to pay the full credit card debt thereby damaging his credit rating. After a hearing on both motions, the circuit court held both parties in contempt of court—Jerry for his refusal to pay the periodic property settlement payments, and Judy for her failure to pay the full amount due on the Capital One credit card account. The circuit court found that Judy's settlement agreement with the collection agency damaged Jerry's

credit rating, and it ordered Jerry's counsel to pay the full amount of the Capital One credit card debt and then remit the remaining funds from the yearly property payments to Judy. Judy now appeals the judgment of the circuit court and raises the following issues for our review:

1. Whether the circuit court erred in holding Judy in contempt of court for failing to pay the credit card debt as required by the divorce decree.

2. Whether the circuit court was clearly erroneous in determining that Judy's settlement of the credit card debt for less than the outstanding balance damaged Jerry's credit rating.

3. Whether the circuit court's abused its discretion by requiring Judy to pay the full balance owing on the credit card.

### STANDARD OF REVIEW

[¶ 5.] We defer to the circuit court's findings of fact and we will only reverse when "after a review of all the evidence, 'we are left with a definite and firm conviction that a mistake has been made.'" *City of Deadwood v. Summit, Inc.*, 2000 SD 29, ¶ 9, 607 N.W.2d 22, 25 (citing *New Era Mining Co. v. Dakota Placers, Inc.*, 1999 SD 153, ¶ 7, 603 N.W.2d 202, 204). We review the application of law to the facts de novo, however, with no deference to the circuit court's decision. *Id.*

### ANALYSIS AND DECISION

[¶ 6.] **1. Whether the circuit court erred in holding Judy in contempt of court for failing to pay the credit card debt as required by the divorce decree.**

[¶ 7.] The circuit court held Judy in contempt for her willful failure and refusal to pay the Capital One credit card

debt as required by the divorce decree. In order to hold a party in civil contempt, the following elements must be established: (1) the existence of an order; (2) knowledge of the order; (3) ability to comply with the order; and (4) willful or contumacious disobedience of the order. *Keller v. Keller*, 2003 SD 36, ¶ 9, 660 N.W.2d 619, 622. In this case, Judy disputes the third of the element of the test and maintains that she did not have the ability to comply with the court order by paying the credit card debt. As we recognized in *Johnson v. Johnson*, "if [a party] did not have the ability to pay ... [she] cannot be held in contempt." 451 N.W.2d 293, 295 (S.D.1990).

[¶ 8.] When a party raises the inability to pay as a defense in a civil contempt proceeding, that party has the burden of proving her inability to comply with the court's order. *Taecker v. Taecker*, 527 N.W.2d 295, 298 (S.D.1995); *Johnson*, 451 N.W.2d at 295. "Proof of an inability to pay requires more than an assertion that one lacks adequate funds." *Taecker*, 527 N.W.2d at 298. At the contempt hearing, Judy testified that she initially made $250 monthly payments on the Capital One credit card. After payment of attorney's fees and various other debts, however, Judy testified she was unable to make further payments on the Capital One credit card. According to Judy, she was unable to find permanent employment because of a disabling back injury that required two surgeries. She also testified that because of her injury she was forced to file for bankruptcy. In her brief, Judy points out that while she was awarded approximately $35,000 of marital debt, she only received $22,925 from the first property settlement payment.

[¶ 9.] Despite Judy's testimony in support of her inability to pay, the circuit court found her to be in contempt for failing to pay the Capital One credit card debt. In order to hold Judy in civil contempt, the circuit court was required to establish the four elements of contempt listed above. *Keller*, 2003 SD 36, ¶ 9, 660 N.W.2d at 622. The circuit court did not, however, make a specific finding as to whether or not Judy actually had the ability to pay the credit card debt. Although the circuit court may well have made an implicit finding that Judy had the ability to pay, its judgment of contempt "must be based upon clear and *specific findings of fact as to all material elements.*" *Thomerson v. Thomerson*, 387 N.W.2d 509, 513 (emphasis added) (citing *Fienup v. Rentto*, 74 S.D. 329, 333–34, 52 N.W.2d 486, 488 (1952)). Because Judy raised the defense of inability to pay and presented at least some evidence in support of this defense, the circuit court erred as a matter of law when it failed to make a specific finding as to her ability to comply with the order.

[¶ 10.] **2. Whether the circuit court was clearly erroneous in determining that Judy's settlement of the credit card debt for less than the outstanding balance damaged Jerry's credit rating;**

and

[¶ 11.] **3. Whether the circuit court's abused its discretion by requiring Judy to pay the full balance owing on the credit card.**

[¶ 12.] The circuit court ordered Judy to pay the entire balance owing on the Capital One credit card. It appears that this order may be an implicit condition necessary for Judy to purge herself of contempt. Because of our holding under Issue I, however, that the circuit court must make a finding as to Judy's ability to pay before she can be held in contempt, it is not necessary to address these issues at this time.

[¶ 13.] Reversed and remanded to the circuit court for a determination as to

Judy's ability to actually comply with the circuit court's order to pay the Capital One credit card debt.

[¶ 14.] SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.