#25098-a-JKK

**2009 SD 85**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

CITY OF WOLSEY,                                                    Plaintiff and Appellee,

  v.

RUSSELL DOOLITTLE,                                              Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE THIRD JUDICIAL CIRCUIT
BEADLE COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JON R. ERICKSON
Judge

\* \* \* \*

CARMEN MEANS of
Blue & Haeder                                       Attorneys for plaintiff
Huron, South Dakota                                 and appellee.

JEFFREY D. LARSON of
Larson and Nipe                                     Attorneys for defendant
Woonsocket, South Dakota                            and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 24, 2009

OPINION FILED **09/16/09**

#25098

KONENKAMP, Justice

[¶1.] The City of Wolsey brought suit to abate a nuisance consisting of a deteriorating elevator and grain bin complex. After a hearing, the circuit court ordered the owner to start demolishing the structures within thirty days, or obtain a contract within that time to perform the work, and completely abate the nuisance within six months. If the owner failed to comply with the order, the court empowered the city to abate the nuisance at the owner's expense. When the owner failed to begin demolishing the structures within thirty days, the city demolished and removed them. To comport with due process, however, was the city required to wait the entire six months before the city could abate the nuisance on its own? The circuit court ruled that the owner had not complied with its order. On appeal, we conclude that because the owner was sufficiently warned that he had to begin the project within thirty days and he took no substantial action to comply in that time, the owner's due process rights were not abridged.

**Background**

[¶2.] In 1995, the City of Wolsey, South Dakota, became concerned about the safety of a nonfunctioning elevator and grain bin complex near the center of town. According to the city, Russell Doolittle, the owner, did nothing to maintain the property. With spoiled grain, infested with rats and mice, the dilapidated property had become hazardous. In 2004, one of the steel structures collapsed. In 2006, the city brought a nuisance action against Doolittle. In August 2006, Richard Hahn, a structural engineer, inspected the property with Doolittle present. Hahn concluded that some buildings needed to be removed, others repaired or replaced,

#25098

and another inspected and re-certified. He recommended that all the work be done within six months.

[¶3.] A year later, Hahn returned to the property. Doolittle was not present, so Hahn only inspected the outside of the structures. He concluded that the only changes Doolittle had made were to remove the collapsed bin and some spoiled grain piles.

[¶4.] On August 16, 2007, a trial to the court was held on the city's nuisance action. Hahn testified about his two inspections as well as his opinions on the condition of the property. Robert McGillvrey, a City of Wolsey town councilman, testified about the city's concerns. Ruth Brodkorb, the mayor, also testified. Doolittle testified about the condition of the property and his plans for making repairs and replacements of hazardous structures. He conceded that some of the structures were in "terrible condition."

[¶5.] At the conclusion of the one-day trial, the court issued an oral ruling finding Doolittle's property a nuisance and ordering him to abate it. In its subsequent written order, the court directed Doolittle to (1) "demolish and remove the timber grain elevator structure, the attached office building to the north of the elevator and the equipment storage buildings to the east and northeast of the elevator building . . . [and to] begin removal of the above structures within a period of thirty (30) days or to show the City of Wolsey a contract with a contractor to demolish and remove the above structures[;]" (2) "empty and clean the timber grain bin and the metal grain bin and have each of these bins inspected and re-certified within a period of sixty days[;]" (3) "remove all weeds and all piles of spoiled grain . .

. within a period of thirty (30) days[;]" and (4) "have the nuisance completely abated no later than six months from the date of this Order, and that if [Doolittle] fail[ed] to comply . . ., that the City of Wolsey [was] authorized to abate the nuisance at [Doolittle's] expense." The order was entered on September 11, 2007. The city never personally served Doolittle with a copy. Doolittle was present, however, when the court rendered its oral ruling. Further, on September 18, 2007, Doolittle and his attorney obtained a copy of the written order at the Clerk of Court's office.

[¶6.]     In an attempt to comply with the court's order, Doolittle applied for a conditional use permit. He wanted to erect a new structurally-sound bin before he removed the buildings ordered by the court. But the permit request was denied. On December 4, 2007, the city wrote Doolittle's counsel to learn the status of the project, indicating that it had solicited its own contracts for abating the nuisance. Counsel responded six days later saying that Doolittle had begun compliance by applying for a conditional use permit, but gave no other indication of how Doolittle was abating the nuisance.

[¶7.]     On December 11, 2007, the city sent Doolittle's counsel a letter indicating that it had seen no progress or work toward the demolition and removal of the structures. The city informed Doolittle's counsel that it would seek a contract to commence demolition on January 15, 2008. Also, counsel was told that Doolittle was at his 60-day deadline with respect to his duty to have the timber and metal grain bins cleaned, inspected, and re-certified. Because the city had not observed any compliance with that portion of the order, it asked Doolittle to provide evidence that he had complied.

#25098

[¶8.]    Doolittle requested more time to remove the grain and corn himself. The city gave him until January 29, 2008. When that deadline passed, the city demolished the structures. Later the city sought reimbursement of its expenses through the contempt process. Following a hearing, the circuit court entered findings of fact and conclusions of law holding Doolittle in contempt. He was ordered to reimburse the city for $41,333.37. Doolittle appeals asserting that the city denied him due process when it abated the nuisance before six months had expired and that the court erred when it held him in contempt.[*]

## Analysis and Decision

[¶9.]    Doolittle contends that under the court's September 11, 2007 order the city did not have the power to abate the nuisance at his expense until after six months had expired. According to Doolittle, *City of Rapid City v. Boland* requires a hearing comporting with due process. *See* 271 NW2d 60, 67 (SD 1978). True, the process of abatement of a public nuisance entitles a property owner to a hearing on the question whether the property is a nuisance. *See id.* In *Boland*, however, the city abated the nuisance before any hearing. Here, Doolittle was given notice of a hearing and the opportunity to be heard on whether his property constituted a nuisance and, if so, whether the city was empowered to abate it if Doolittle failed to do so. At the hearing, the court found the property to be a nuisance and directed

---

[*]    Standard of review: Findings of fact are reviewed under the clearly erroneous standard. *In re* Adoption of C.D.B., 2005 SD 115, ¶21, 706 NW2d 809, 816 (citing Taecker v. Taecker, 527 NW2d 295, 298 (SD 1995)) (additional citation omitted). Conclusions of law are reviewed under the de novo standard. Harksen v. Peska, 2001 SD 75, ¶9, 630 NW2d 98, 101 (citations omitted).

that it be abated. That Doolittle did not receive another hearing before the city abated the nuisance is of no moment. He was warned that if he failed to act the city was empowered to abate the nuisance at his expense. No further hearing was necessary.

[¶10.] In arguing that he should not have been ordered to reimburse the city in the contempt proceeding, Doolittle repeats his position that he had a full six months to abate the nuisance. While the order directed that Doolittle completely abate the nuisance within six months, it also stated that if Doolittle failed "to comply with *any* Order of the [c]ourt" the city could abate the nuisance at Doolittle's expense. (Emphasis added.) Doolittle did not comply with the order to (1) begin removal of the listed structures, or present the city with a contract of a third party to demolish and remove the structures within thirty days, and (2) empty, clean, have inspected and re-certified two grain bins within sixty days. From our review of the record and the circuit court's findings, we see no error in its decision.

[¶11.] Affirmed.

[¶12.] GILBERTSON, Chief Justice, and ZINTER, MEIERHENRY, and SEVERSON, Justices, concur.