#29461-a-SRJ
**2021 S.D. 45**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

In the Matter of the Estate of
JOHN C. CALVIN, Deceased.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CARMEN MEANS
Judge

* * * *

DANIEL R. FRITZ
TIMOTHY R. RAHN
JOSHUA R. BROWN of
Ballard Spahr, LLP
Sioux Falls, South Dakota

Attorneys for petitioners and
appellants Mark E. Calvin,
John C. Calvin, Jr. and Ruth
Calvin Scharf.


VINCE M. ROCHE of
Davenport, Evans, Hurwitz
   & Smith, LLP
Sioux Falls, South Dakota

Attorneys for Great Western
Bank as Personal
Representative of the Estate of
John C. Calvin and appellee.


JAMES C. ROBY of
Green, Roby, Oviatt, LLP
Watertown, South Dakota

Attorneys for appellee Prudence
K. Calvin.

* * * *

CONSIDERED ON BRIEFS
APRIL 26, 2021
OPINION FILED **07/28/21**

#29461

JENSEN, Chief Justice

[¶1.]     John Calvin (Calvin) was the lifetime beneficiary of the Ben W. Calvin Trust (Trust), and his children, Ruth Calvin Scharf, John C. Calvin, Jr., and Mark E. Calvin (Appellants), were the remainder beneficiaries.  After Calvin passed away, Appellants brought a creditor claim against Calvin's estate, alleging that Calvin had received over $700,000 in disbursements of principal from the Trust in violation of the Trust terms.  The Personal Representative filed a motion to dismiss the claim, alleging Appellants were not the real parties in interest, the Trust was not breached, and a portion of the claim was time barred.  The circuit court granted the motion, holding the Trust disbursements to Calvin were proper under the terms of the Trust.  We affirm the circuit court's decision to dismiss the Appellants' creditor claim.

## Facts and Procedural History

[¶2.]     Calvin was born on September 17, 1934.  Calvin's father, Ben Calvin, established the Trust on December 29, 1955 in Michigan.  A Michigan bank served as the Trustee.  Section I of the Trust granted the Trustee general administrative powers for the investment, sale, and mortgage of assets; the payment of debts; and discretion to disburse Trust income and principal.  It stated:

> The Trustees shall have the power to manage the trust estate as in their judgment and discretion may seem most advantageous to said trust estate and the beneficiaries thereof; . . . *to allocate between income and principal all receipts and disbursements in such manner as to the Trustees shall seem just and equitable*, and in accordance with generally accepted trust accounting principles; *to make payments of income or principal payable to or applicable for the use and benefit of any beneficiary hereunder by making such payments either directly to such beneficiary or applying the same for the use and benefit of such beneficiary . . . .*

-1-

(Emphasis added.)

[¶3.]     Section II of the Trust ordered the Trustee:

> (A) To pay the entire net income from the trust estate to JOHN C. CALVIN, son of the Settlor, at convenient intervals, but at least annually, so long as he shall live.
> (B) (1) On the death of the said JOHN C. CALVIN to divide the principal of the trust into as many equal separate shares as he shall leave children then surviving and children then deceased leaving issue then surviving, taking by right of representation.

[¶4.]     Calvin was domiciled in Watertown, South Dakota, when he passed away on December 18, 2019. The co-personal representatives of Calvin's estate (the Estate), Great Western Bank (Personal Representative), John Calvin Jr., and Mark Calvin, filed an application for informal probate of the Estate on January 2, 2020. Shortly thereafter, John Jr. and Mark resigned as co-personal representatives and filed a creditor claim against the Estate pursuant to SDCL 29A-3-804, which their sister Ruth Calvin Scharf joined. The primary beneficiary of the Estate is Calvin's second wife, Prudence Calvin (Stepmother).

[¶5.]     Appellants claimed that Calvin was not entitled to receive disbursements of principal from the Trust and that he fraudulently induced the Trustee to send him payments from the Trust principal between 2009 and 2019. In support, Appellants offered financial records that disclosed Calvin had between $5,000,000 and $6,000,000 in liquid and marketable assets between 2009 and 2019. During that time, Calvin donated $202,972 to charity, made $97,379 in political contributions, and paid $58,830 in memberships dues. Despite Calvin's considerable assets, beginning in 2010, he began to correspond with the Trustee

requesting disbursements from the Trust principal. Calvin requested the disbursements for the payment of medical bills and other living expenses.

[¶6.] Appellants alleged the Trustee paid Calvin between $50,000 and $92,000 annually from the Trust principal between 2010 and 2019. Calvin also received income disbursements from the Trust during this period, which varied between approximately $8,000 and $23,000 annually. Appellants sought $870,044 in damages against the Estate arising from the depletion of Trust principal and lost earnings on the principal.

[¶7.] The Personal Representative disallowed the claim. Appellants filed a petition on May 26, 2020, asking the circuit court to allow the claim. Appellants filed an amended petition on June 26, 2020, which did not substantively modify the creditor claim. The Personal Representative made a motion to dismiss, arguing that Appellants lacked standing, the Trustee's disbursement of Trust principal to Calvin was "not improper based on the language of the Trust," and the claims concerning principal disbursements made prior to April 14, 2014 were barred by the statute of limitations. Stepmother joined the Personal Representative's motion.

[¶8.] Appellants resisted the motion and filed a motion to stay the proceedings until pending probate proceedings in Michigan concerning the Estate were resolved. The motion recited that Appellants were in the process of litigating the propriety of the Trust disbursements in the Michigan probate action, and they had filed claims against the Trustee directly in those proceedings. In their brief to this Court, Appellants confirmed that the Michigan proceedings were still pending,

and the "[i]ssues regarding the Trustee's breaches of fiduciary duty are being resolved in that litigation."[1]

[¶9.]		The circuit court held a hearing on the motion to dismiss on September 22, 2020.  The Personal Representative argued that Appellants did not have standing because they alleged a claim against a third party on behalf of the Trust for which the Trustee was the real party in interest.  Additionally, the Personal Representative argued the Trust was obviously intended for Calvin's benefit.  The Personal Representative further claimed that the Section I language, stating "[the] Trustees shall have the power . . . *to make payments of income or principal payable to or applicable for the use and benefit of any beneficiary hereunder*," granted the Trustee discretion to make principal payments to Calvin.  (Emphasis added.)  The Personal Representative also argued that the Trust did not require the Trustee to ensure that Calvin was financially insolvent before it made any principal disbursements.

[¶10.]		Appellants contested the Personal Representative's claim that the Trustee was the real party in interest, asserting that they had sustained injury in fact because of the alleged improper distributions of principal.  Appellants also argued that the instruction in Section II, requiring the Trustee to pay "the entire

---

1.	In support of the motion to stay the proceedings, Appellants argued that "[t]he issue of [w]hether the Trustee had the authority to make distributions of principal to John C. Calvin during his life must be resolved in both this matter and the Michigan probate matter.  To allow the current matter to proceed prior to resolution of the Michigan probate matter presents a significant risk that this Court and the Michigan probate Court will reach inconsistent results.  This issue is best resolved in the Michigan probate matter as that is the only action in which the Trustee is a party."

net income" of the Trust to Calvin and to "divide the principal of the trust" upon his death, showed the Settlor's intent to provide Calvin solely with Trust income during his lifetime and to preserve the Trust principal for Calvin's children. Further, Appellants argued the language relied on by the Personal Representative only granted the Trustee the authority to make a "payment in the [beneficiaries'] name[s] for their benefit" and was "not a grant of authority to pay principal and interest to whoever [the Trustee] want[ed]."

[¶11.]     In its oral ruling from the bench, the circuit court held "[S]ection I gives the [T]rustee . . . clear discretion to distribute both principal and income" to Calvin and rejected Appellants' claim that Section II prohibited the Trustee from disbursing principal to Calvin. The court did not address the parties' arguments on standing and the statute of limitations. It entered an order denying Appellants' motion to stay and granting the Personal Representative's motion to dismiss.

[¶12.]     This appeal followed. Appellants claim that the circuit court erred in dismissing their creditor claim and raise three issues for our review: (1) whether the circuit court erred in determining the Trust granted the Trustee authority to distribute principal to Calvin; (2) whether Appellants are the real parties in interest; and (3) whether Appellants' claim is barred in part by the statute of limitations. Appellants do not appeal the circuit court's denial of their motion to stay the proceedings. We conclude Appellants are not the real parties in interest. As such, it is unnecessary to address the other issues.

## Analysis and Decision

[¶13.]     We apply de novo review to a circuit court's decision to grant a motion to dismiss. *Fodness v. City of Sioux Falls*, 2020 S.D. 43, ¶ 9, 947 N.W.2d 619, 624. Under our review, we "treat as true all facts properly pleaded in the complaint and resolve all doubts in favor of the pleader." *Mordhorst v. Dakota Truck Underwriters & Risk Admin. Servs.*, 2016 S.D. 70, ¶ 8, 886 N.W.2d 322, 323–24. However, we are "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual allegations." *Id.*

[¶14.]     "Standing is established through being a 'real party in interest.'" *In re Florence Y. Wallbaum Revocable Living Tr. Agreement*, 2012 S.D. 18, ¶ 40, 813 N.W.2d 111, 121. "The question of whether a party has standing to maintain an action is a question of law reviewable by this Court *de novo.*" *Benson v. State*, 2006 S.D. 8, ¶ 19, 710 N.W.2d 131, 140. "The real party in interest requirement for standing is satisfied if the litigant can show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Florence Y. Wallbaum*, 2012 S.D. 18, ¶ 40, 813 N.W.2d at 121. Standing is a threshold question that must be resolved in order to determine if the court has power to act. *See Cable v. Union Cnty. Bd. of Cnty. Comm'rs*, 2009 S.D. 59, ¶¶ 20-21, 769 N.W.2d 817, 825-26.

[¶15.]     Appellants argue they were "undoubtedly harmed by [Calvin's] fraudulent inducement of the Trustee" and, as such, "have standing to bring a claim against the Estate to remedy such harm." The Personal Representative responds

that Appellants are not the real parties in interest because they alleged Calvin defrauded the Trustee. Therefore, the Trustee is the real party in interest.

[¶16.] Appellants generally alleged in the creditor claim filed in South Dakota that Calvin falsely represented his financial status to the Trustee in order to induce the Trustee to make disbursements of principal to him. This claim did not directly allege that the Trustee engaged in wrongdoing, and the Appellants have not sued the Trustee in South Dakota. However, in their briefs to the circuit court and on appeal, Appellants argue that the "conduct of the Trustee is central to the defenses raised by the Personal Representative herein." They argue that the principal payments made by the Trustee to Calvin were a breach of the Trust.[2]

[¶17.] "At common law, where cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest because the trustee has legal title to the cause." *Saks v. Damon Raike & Co.*, 8 Cal. Rptr. 2d 869, 874 (Cal. Ct. App. 1992). "[T]he beneficiary of a trust generally is not the real party in interest and may not sue in the name of the trust. A trust beneficiary has no legal title or ownership interest in the trust assets; his or her right to sue is ordinarily limited to enforcement of the trust, according to its terms." *Id.* at 874-85. *See also* Restatement (Third) of Trusts § 107 cmt. c(2) (2012) ("It bears repeating that the trustee, and not a beneficiary, is ordinarily the only proper person to bring (and to

---

2. "A breach of trust is a violation by a trustee of a fiduciary duty—that is, of any duty the trustee owes, *as trustee*—to the trust beneficiaries or to further the trust's charitable purpose(s) . . . . [A] trustee may commit a breach of trust by conduct (action or inaction) that results from a mistake . . ., typically a mistake regarding the nature or extent of a trustee's duties or powers." Restatement (Third) of Trusts § 93 cmt. b (2012).

decide whether to bring) an action on behalf of the trust against a third party.");

*Naier v. Beckenstein*, 27 A.3d 104, 110 (Conn. App. Ct. 2011) ("The trustee is the proper party to bring an action against anyone who wrongfully interferes with the interests of the trust.").[3]

[¶18.]  However, "[a] beneficiary may maintain a proceeding related to the trust or its property against a third party only if . . . the trustee is unable, unavailable, unsuitable, or improperly failing to protect the beneficiary's interest." Restatement (Third) of Trusts § 107 (2012).  The beneficiary has the burden to "show that the trustee is improperly refusing or neglecting to bring an action, or if the trustee is unavailable or unable to act, the protection of the trust estate may depend on the initiative of a beneficiary to act. . . ."  Restatement (Third) of Trusts § 107 cmt. c(2) (2012).  *See also Browning v. Brunt*, 195 A.3d 1123, 1130 (Conn. 2018) (citing Restatement (Third) of Trusts § 107 cmt. c(2)) ("[I]n order to demonstrate that they fall under this exception, beneficiaries must demonstrate that the trustee either is improperly refusing or improperly neglecting to bring an action on behalf of

---

3.  In *Florence Y. Wallbaum*, this Court addressed the question whether the beneficiaries of a trust were real parties in interest in an action against the Trustee for alleged improper disbursements made under the Trust.  The Court cited the general rule that "[t]he real party in interest requirement for standing is satisfied if the litigant can show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant."  *Florence Y. Wallbaum*, 2012 S.D. 18, ¶ 40, 813 N.W.2d at 121.  *See also* SDCL 15-6-17(a).  "If the trustee commits a breach of trust, he is chargeable with any loss or depreciation in value of the trust estate resulting from the breach of trust."  *Florence Y. Wallbaum*, 2012 S.D. 18, ¶ 36, 813 N.W.2d at 120.  However, *Florence Y. Wallbaum* did not address the question whether a beneficiary has standing to file, in his or her individual capacity, a direct action against another beneficiary of a trust claiming a breach of a trust.

the trust."). Appellants have not alleged that they asked the Trustee to pursue a claim against the Estate, that the Trustee declined to pursue such a claim, or that the Trustee was otherwise unable to assert a claim against the Estate.[4]

[¶19.] Additionally, Appellants do not allege Calvin made any fraudulent representations to them, but rather claim Calvin fraudulently misrepresented his financial needs to the Trustee in order to obtain disbursements of principal. Fraud is "a representation made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; and made with intent to deceive and for the purpose of inducing the other party to act upon it." *Strassburg v. Citizens State Bank*, 1998 S.D. 72, ¶ 12, 581 N.W.2d 510, 515. "For fraud to be actionable, a party must further rely on it and be induced thereby to act to his injury or damage." *Id.* Thus, the Trustee is the real party in interest to pursue a claim that the Trust was defrauded by Calvin.

[¶20.] Appellants acknowledge the common law rule that a trustee is the proper party to bring a claim concerning trust property. However, they argue they have standing under an exception to the rule recognized by California courts. *See, e.g., Tatung Co., Ltd. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036 (C.D. Cal. 2014); *Estate of*

---

4. The Restatements allow a trustee to assert a claim against a beneficiary who "participated" in a breach of the trust on behalf of the trust. *See* Restatement (Third) of Trusts § 104 cmt. f (2012) ("A beneficiary owes a duty to the other beneficiaries not to participate in a breach of trust. If a beneficiary participates in a breach of trust, causing a loss to the trust . . ., the beneficiary is personally liable to the trust for all or part of the loss, as appropriate."). Further, "[a] trustee is not estopped from suing a third party, even if a loss or potential loss to the trust or an improper benefit to the third party is attributable to the trustee's misconduct." Restatement (Third) of Trusts § 107 cmt. b(1) (2012).

*Bowles*, 87 Cal. Rptr. 3d 122 (Cal. Ct. App. 2008). They rely on American Jurisprudence (Second) of Trusts, which summarizes the California law as follows: "when a third party has assisted a trustee in a breach of trust, the beneficiaries may bring suit against both the trustee and the third party, but it is not necessary to join the trustee in the suit because primarily it is the beneficiaries who are wronged and who are entitled to sue the third party." 76 Am. Jur. 2d *Trusts* § 602, Westlaw (database updated May 2021).

[¶21.]     On the record before us, we decline to apply an exception that would permit a trust beneficiary to file an action against a third party for alleged misconduct, absent a showing that "the trustee [was] unable, unavailable, unsuitable, or improperly fail[ed] to protect the beneficiary's interest." *See* Restatement (Third) of Trusts § 107 (2012). Our decision is consistent with the general common law rule that the trustee, not the beneficiary, is the real party in interest when a trust is breached. Applying a broad exception for beneficiary standing against a third party, as advocated by Appellants, would eviscerate the general rule that all actions concerning a trust belong to the trustee in the first instance. Further, it is hardly an onerous burden to require the beneficiary to show that the trustee has wrongfully failed, refused, or is unable to pursue a claim against a third party concerning a trust before the beneficiary can claim to be the real party in interest for a claim on behalf of a trust.

[¶22.]     Because Appellants have not shown they have standing to assert a claim against the Estate, the court did not err in granting the Personal Representative's motion to dismiss. *See Oldham-Ramona Sch. Dist. No. 39-5 v.*

-10-

*Jensen*, 503 N.W.2d 260, 264 (S.D. 1993) (holding this Court may affirm when a circuit court reached the correct result albeit for a different reason).

[¶23.]     We affirm.

[¶24.]     KERN, SALTER, DEVANEY, and MYREN, Justices, concur.